IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife, | ) ) ) | CIVIL NO. 10-00165 JMS/KSC |
| | ) | ORDER (1) GRANTING |
| | ) | DEFENDANTS WMC |
| Plaintiffs, | ) | MORTGAGE LLC AND GENERAL |
| | ) | ELECTRIC COMPANY'S |
| vs. | ) | MOTION FOR JUDGMENT ON |
| | ) | THE PLEADINGS, DOC. NO. 64; |
| WMC MORTGAGE CORP.; | ) | AND (2) GRANTING IN PART |
| GENERAL ELECTRIC COMPANY; | ) | AND DENYING IN PART |
| MERSCORP, INC.; MORTGAGE | ) | DEFENDANT LCS FINANCIAL |
| ELECTRONIC REGISTRATION | ) | SERVICES CORPORATION'S |
| SYSTEMS, INC.; CHASE HOME | ) | MOTION FOR SUMMARY |
| FINANCE LLC; CHASE HOME | ) | JUDGMENT, DOC. NO. 57 |
| FINANCE, INC.; LCS FINANCIAL | ) | |
| SERVICES CORPORATION; | ) | |
| UNKNOWN OWNERS OF THE | ) | |
| EVIDENCE OF THE DEBT and/or | ) | |
| OWNERS OF THE NOTE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING DEFENDANTS WMC MORTGAGE LLC AND
GENERAL ELECTRIC COMPANY'S MOTION FOR JUDGMENT ON
THE PLEADINGS, DOC. NO. 64; AND (2) GRANTING IN PART AND
DENYING IN PART DEFENDANT LCS FINANCIAL SERVICES
CORPORATION'S MOTION FOR SUMMARY JUDGMENT, DOC. NO. 57**

## I.  INTRODUCTION

On March 22, 2010, Plaintiffs Melvin Keakaku Amina and Donna

Mae Amina ("Plaintiffs") filed this action alleging claims against Defendants

WMC Mortgage LLC ("WMC"),[1] General Electric Company ("GE"), MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS entities"), Chase Home Finance LLC and Chase Home Finance, Inc. ("Chase entities"), and LCS Financial Services Corporation ("LCS") (collectively "Defendants"), for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and various state law claims stemming from a mortgage transaction and subsequent threatened foreclosure of real property located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822 (the "subject property").

Currently pending before the court are (1) WMC and GE's Motion for Judgment on the Pleadings, and (2) LCS's Motion for Summary Judgment. Based on the following, the court GRANTS WMC and GE's Motion for Judgment on the Pleadings with leave for Plaintiffs to amend certain claims, and GRANTS in part and DENIES in part LCS's Motion for Summary Judgment.

///

///

---

[1] WMC Mortgage LLC is successor in interest to WMC Mortgage Corp. and GE. *See* WMC and GE's Mot. at 2.

## II.  BACKGROUND

**A.  Factual Background**

On or about February 25, 2006, Plaintiffs obtained two loans from WMC, one for $880,000, and another for $220,000, to purchase the subject property. *See* Doc. No. 35, Am. Compl. ¶¶ 36, 39-40; Doc. No. 64-7, WMC & GE Ex. E (Warranty Deed for the subject property to Plaintiffs, dated February 28, 2006).[2]  Plaintiffs assert that the loan broker (not named in this action) "deceived Plaintiffs about the interest rate and payment amounts," and that WMC paid the loan broker a kickback and knew the loans would go into default.  Doc. No. 35, Am. Compl. ¶¶ 36-38.

Plaintiffs secured the promissory notes by executing mortgages on the subject property, which list as the mortgagee Mortgage Electronic Registration Systems, Inc., solely as nominee for WMC.  *See id.* ¶¶ 39-40, 46; Doc. Nos. 64-5-

---

[2]  WMC and GE request the court to take judicial notice of various documents relevant to Plaintiffs' claims against them, including the mortgages, the warranty deed to Plaintiffs, and the notes.  *See* Doc. No. 64-1, WMC & GE Mot. at 2 n.1.  In opposition, Plaintiffs assert that the documents are in dispute.  *See* Doc. No. 75, Pls.' Mar. 21, 2011 Br. ¶ 8.  Because Plaintiffs offer no explanation why these exhibits are in dispute, the court takes judicial notice of WMC and GE's Exhibits C-E, all of which are public documents.  *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (providing that a court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of a motion to dismiss") (quotations omitted).  The court need not consider WMC and GE's Exhibits F and G (the notes) to determine the Motion for Judgment on the Pleadings.

This Order also cites to evidence presented by LCS in support of its Motion for Summary Judgment.  But in determining whether Plaintiffs have sufficiently pled their claims, the court relies only on the allegations in the Amended Complaint and the judicially-noticed exhibits.

6, WMC & GE's Exs. C-D.  It is undisputed that WMC no longer owns the notes

and mortgages on the subject property.  *See* Doc. No. 64-4, WMC & GE's Ex. B,

Answer ¶¶ 4, 50 (admitting that WMC no longer holds the notes and mortgages).

On The Amended Complaint further alleges that on February 3, 2010,

Chase Home Finance, LLC mailed a letter to Plaintiffs entitled "Acceleration

Warning (Notice of Intent to Foreclose)," claiming that their account, number

22917306, was past due.  Doc. No. 35, Am. Compl. ¶¶ 98.  Plaintiffs assert that

they have no loan with this account number.  *Id.* ¶ 99.  Subsequently, someone

identifying themselves from "Chase" told Plaintiffs via telephone that if Plaintiffs

did not pay the second mortgage loan, Chase would write off the loan and sell it or

assign it to a collection agency.  *Id.* ¶ 100.

On March 25, 2010, LCS sent Plaintiffs a letter providing:

> Please be advised that LCS Financial Services Corp.
> represents CHASE with regard to the balance due and
> owing on the above referenced promissory note. . . .
> PLEASE SEE REVERSE SIDE FOR IMPORTANT
> INFORMATION
> [reverse side of the letter]
> The following information is provided in accordance
> with the Fair Debt Collection Practices Act:
>     1.  The total amount of the debt as of the date of
>     this letter is $235669.54.
>     2.  The name of the current creditor to whom the
>     debt is owed is CHASE.
>     3.  Unless you notify this office within thirty days
>     after receiving this notice that you dispute this

> debt, or any portion thereof, the debt will be
> assumed to be valid by us.
> 4.  If you notify this office in writing within thirty
> days after receiving this notice that you dispute
> this debt, or any portion thereof, our office will
> obtain verification of the debt, or a copy of any
> judgment against you, and a copy of such
> verification of judgment will be mailed to you.
> 5.  Upon written request within thirty days after
> your receipt of this notice, our office will provide
> you with the name and address of the original
> creditor, if different from the current creditor.

Doc. No. 58-2, LCS Ex. A; *see also* Doc. No. 35, Am. Compl. ¶ 102.

In an April 14, 2010 letter, Plaintiffs notified LCS that "all or part of [LCS's] claim is disputed," and demanded (1) "verification and validation [] pursuant to the federal Fair Debt Collection Practices Act (Amended), 15 U.S.C. § 1692 et seq.," (2) the name and address of the original creditor, and (3) that LCS cease debt collection until Plaintiffs are provided verification of the debt, evidence of ownership of the note, and the name and address of the original creditor.  Doc. No. 58-3, LCS Ex. B.

LCS responded in an April 21, 2010 letter, explaining that Plaintiffs' account was now on hold pending verification of the debt:

> As you have been advised LCS Financial Services
> Corporation represents CHASE with regard to the
> balance due and owing on the loan.
>
> We have requested additional documents and/or

5

> information from our client to process your request.
> Upon receipt, we will forward copies of the documents
> and/or information to you along with an itemized
> description of all amounts due and owing.
>
> Your account has been placed on "hold" pending our
> receipt of the requested information from CHASE.  If
> you have any questions or require assistance, please
> contact use toll free at (800) 868-5985.

Doc. No. 58-4, LCS Ex. C.[3]

On July 21, 2010, LCS provided Plaintiffs copies of the mortgage notes with WMC, identified the current creditor as "CHASE," identified the original creditor as "WMC Mortgage Corp.," and advised Plaintiffs that the current amount due on the debt was $235,669.54.  Doc. No. 58-5, LCS Ex. D.

## B.      Procedural Background

On March 22, 2010, pro se Plaintiffs filed this action, and their Amended Complaint asserts claims for: (1) TILA violations against WMC and GE (Count I); (2) Quiet title against all Defendants (Count II); (3) RESPA violations against WMC, GE, MERS entities, and Chase entities (Count III); (4) FDCPA violations against Chase entities and LCS (Count IV); (5) FCRA violations against Chase entities and LCS (Count V); (6) Conspiracy to commit fraud and conversion

---

[3] Although Plaintiffs dispute receiving this letter, such fact is not relevant to the court's determination of LCS's Motion.

against all Defendants (Count VI); (7) Conspiracy to commit fraud related to MERS against all Defendants (Count VII); (8) Unjust enrichment against all Defendants (Count VIII); and (9) Fraud in the inducement against WMC, GE, and MERS entities (Count IX).

On December 21, 2010, LCS filed its Motion for Summary Judgment, and on February 7, 2011, WMC and GE filed their Motion for Judgment on the Pleadings. On February 24, 2011, Plaintiffs filed an Opposition to LCS's Motion, and a Request for Extension of Time to respond to WMC and GE's Motion. On March 1, 2011, the court granted Plaintiffs until March 21, 2011 to file an Opposition to WMC and GE's Motion. Doc. No. 73. Although not requested, the court further granted Plaintiffs until March 21, 2011 to properly respond to LCS's Motion. The March 1, 2011 Order explained that to properly oppose a Motion for Summary Judgment, Plaintiffs must cite to evidence raising a genuine dispute as to those facts, and if they are seeking additional time for discovery, they must meet the requirements of Federal Rule of Civil Procedure 56(d). *Id.* at 3.

On March 21, 2011, Plaintiffs filed another Motion for Extension of Time to respond to both Motions, and after receiving objections, the court granted in part and denied in part Plaintiffs' Motion for Extension of Time. Doc. No. 81. On April 19, 2011, Plaintiffs filed a "Rule 56(d) Declaration" in Opposition to both

Motions.  On April 25, 2011, WMC and GE, and LCS filed Replies in support of

their Motions.  Pursuant to Local Rule 7.2(d), the court determines these Motions

without a hearing.

### III.  STANDARDS OF REVIEW

**A.      Motion for Judgment on the Pleadings**

A party may make a motion for judgment on the pleadings at any time

after the pleadings are closed, but within such time as not to delay the trial.  Fed. R.

Civ. P. 12(c).  In considering a Rule 12(c) motion, the court accepts as true all

factual allegations in the pleading being challenged, and construes them in the light

most favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925

(9th Cir. 2009).  A motion for judgment on the pleadings should be granted when

there are no disputed issues of material fact, and the moving party is entitled to

judgment as a matter of law.  *Id.*

The standards for dismissal pursuant to Rule 12(b)(6) articulated in

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), apply to a Rule 12(c) motion.  *See*

*United States ex rel. Cafasso v. General Dynamics C4 Systems, NVW Inc.*, --- F.3d

---, 2011 WL 1053366, at *4 n.4 (9th Cir. Mar. 24, 2011).  Accordingly, pursuant

to *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court liberally construes pro se pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.

*See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

**B.     Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, a plaintiff must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.* (citation and quotation signals omitted). Where there

are multiple defendants, a plaintiff cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

///

///

**C.     Motion for Summary Judgment**

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004).  "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn in his favor." (citations omitted)).

## IV. <u>DISCUSSION</u>

LCS seeks summary judgment on all claims alleged against it, while WMC and GE seek judgment on the pleadings on all claims alleged against them. The standards for these two motions differ -- LCS must establish the lack of a genuine issue of material fact as to each of Plaintiffs' claims, while WMC and GE must establish that Plaintiffs' claims fail to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Despite

these differences and despite labeling its Motion as a Motion for Summary Judgment, LCS raises several arguments attacking the sufficiency of the allegations of the Amended Complaint, as opposed to raising the lack of a genuine issue of material fact. Indeed, LCS raises and/or the court need reach LCS's summary judgment arguments as to only certain portions of Plaintiffs' claim for violations of the FDCPA.

As a result, for those claims that LCS challenges only the sufficiency of the allegations of the Amended Complaint or where the court need not make a summary judgment determination to dismiss Plaintiffs' claims, the court treats those arguments as raising a Motion for Judgment on the Pleadings. The court first addresses those claims for which the parties seek dismissal for failure to state a claim, and then addresses LCS's arguments on the FCRA and FDCPA claims.

## A.      TILA Violations Against WMC and GE (Count I)

The Amended Complaint asserts that Plaintiffs are entitled to TILA damages and rescission because WMC (1) provided only two copies of the Notice of Right to Cancel, neither of which complied with "model Form H-8;" (2) hid the true identity of the creditor; and (3) failed to honor Plaintiffs' notice of rescission, dated February 28, 2006. Doc. No. 35, Am. Compl. ¶¶ 129-36. WMC and GE argue that Plaintiffs' TILA claims for damages and rescission are time-barred. The

court agrees.

### 1.  *TILA Rescission*

Plaintiffs do not have a right of rescission because TILA specifically exempts from rescission "residential mortgage transactions," which are "transaction[s] in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of the dwelling."  15 U.S.C. §§ 1635(e)(1), 1602(w).  Plaintiffs entered into the mortgage loan to purchase the subject property, *see* Doc. No. 64-7, WMC & GE Ex. E, and Plaintiffs do not suggest that they used the subject property for any purpose other than as their dwelling.  Accordingly, this mortgage transaction falls squarely within this exemption and Plaintiffs cannot seek rescission pursuant to TILA.

The court therefore DISMISSES Plaintiffs' claim for TILA rescission against WMC and GE without leave to amend.

### 2.  *TILA Damages*

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Further, to the extent Plaintiffs raise a claim for failure to

honor their rescission, such violation occurred in February 2006 when Plaintiffs allegedly requested rescission. *See* Doc. No. 35, Am. Compl. ¶¶ 129-36.

Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule, the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*King*, 784 F.2d at 915. Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

On its face, Plaintiffs' TILA claim for damages is time-barred unless equitable tolling applies -- it was brought over four years after consummation of the loan transaction and WMC and GE's alleged refusal to recognize Plaintiffs' rescission. Further, the Amended Complaint pleads no facts indicating that any Defendant prevented Plaintiffs from discovering the alleged TILA violation or

caused Plaintiffs to allow the filing deadline to pass.  *See, e.g.*, *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'") (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Without any factual allegations that support the inference that Plaintiffs did not have a reasonable opportunity to discover the TILA violations, the Amended Complaint, even when liberally construed, does not support tolling the statute of limitations.  *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (granting leave to amend complaint to allege lack of reasonable notice to establish diligence where the facts alleged did not foreclose lack of reasonable notice as a matter of law); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03 (9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

   Accordingly, the court DISMISSES Plaintiffs' TILA claim for damages against WMC and GE with leave to amend.

**B.      Quiet Title Against All Defendants (Count II)**

The Amended Complaint asserts that Plaintiffs have superior and legal title to the subject property and that Defendants' claims to the subject property are false and without merit.  Doc. No. 35, Am. Compl. ¶¶ 141-43.  The Amended Complaint further asserts that any security interest Defendants hold in the subject property "is void because of the subject rescission."  *Id.* ¶ 144.

The court construes Plaintiffs' claim as being brought under HRS § 669-1(a) ("[Quiet title] [a]ction may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim.").  Plaintiffs, however, have not alleged sufficient facts regarding interests of various parties to make out a cognizable claim for "quiet title."  Plaintiffs have merely alleged elements of § 669-1, and thus the Count fails to state a claim as to all Defendants.  *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.).

Further, as to WMC and GE, the pleadings make clear that WMC and GE no longer have any claim to the subject property such that this claim cannot stand against them.  *See* Doc. No. 64-4, WMC & GE's Ex. B, Answer ¶¶ 4, 50

(admitting the Amended Complaint's allegations that WMC no longer holds the notes and mortgages). As to LCS, Plaintiffs acknowledge that LCS is only a servicer, or debt collector, on the second mortgage, Am. Compl. ¶¶ 28, 102, and LCS has also denied any interest in the subject property. Doc. No. 43, at 3 ¶ 5 (denying that it claims an adverse interest in the subject property). Given these allegations and admissions, granting leave to amend this claim as to WMC, GE or LCS would be futile. Plaintiffs are granted leave to amend as to Defendants other than WMC, GE, and LCS (*i.e.*, MERS entities and Chase entities).

## C. RESPA Violations Against WMC, GE, MERS Entities, and Chase Entities (Count III)

The Amended Complaint asserts that in the consummation of Plaintiffs' loans, WMC, GE, and MERS entities paid and/or accepted various kickbacks and/or charged Plaintiffs for items that did not benefit them. *See* Doc. No. 35, Am. Compl. ¶¶ 150-166. As to the Chase entities, the Amended Complaint asserts that they did not properly apply all payments to Plaintiffs' account. *Id.* ¶ 167.

WMC and GE claim that as to the allegations against them, the RESPA claim is time-barred. The court agrees. The Amended Complaint asserts a violation of 12 U.S.C. § 2607, and the statute of limitations for a § 2607 claim is one year from the date of the violation. In particular, 12 U.S.C. § 2614 provides:

> Any action pursuant to the provisions of section 2605,
> 2607, or 2608 of this title may be brought in the United
> States district court or in any other court of competent
> jurisdiction, for the district in which the property
> involved is located, or where the violation is alleged to
> have occurred, within 3 years in the case of a violation of
> section 2605 of this title and 1 year in the case of a
> violation of section 2607 or 2608 of this title from the
> date of the occurrence of the violation . . . .

Although the Ninth Circuit has not addressed the precise issue, other courts -- including this court -- have found that equitable tolling may apply to a RESPA claim. *See Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4 (D. Haw. Nov. 24, 2010) (citing cases).

As with Plaintiffs' claim for damages under TILA, Plaintiffs brought this action well past the statute of limitations for RESPA violations. Any illegal fee would have occurred in 2006; this action was filed in 2010. Moreover, the Amended Complaint includes no allegations suggesting that equitable tolling may apply. Accordingly, the court DISMISSES Plaintiffs' RESPA claim as to WMC, GE, and MERS entities with leave to amend.

As to Chase, the Amended Complaint does not assert an actual RESPA violation against it. In general, only three sections of RESPA create a private right of action: (1) 12 U.S.C. § 2605 requiring disclosure to a loan applicant of whether the servicing of the loan may be assigned, sold or transferred; notice to

the borrower at the time of transfer; and responses by the loan servicer to qualified written requests by the borrower; (2) 12 U.S.C. § 2607 prohibiting kickbacks for real estate settlement services; and (3) 12 U.S.C. § 2608 prohibiting sellers from requiring buyers to use a specific title insurer as a condition of its sale. *See also Padilla v. One West Bank*, 2010 WL 5300900, at *5 (N.D. Cal. Dec. 20, 2010); *Glover v. Fremont Inv. & Loan*, 2009 WL 5114001, at *5 (N.D. Cal. Dec. 18, 2009). The Amended Complaint does not assert a violation of any of these sections against Chase entities. The court therefore DISMISSES Plaintiffs' RESPA claim against Chase entities, with leave to amend.

## D. Fraud in the Inducement Against WMC, GE, and MERS Entities (Count IX)

The Amended Complaint asserts that WMC, GE, and MERS entities fraudulently induced Plaintiffs to enter into the loan transactions by, among other things, (1) failing to disclose the material terms of the loans and services to Plaintiffs, (2) concealing the true terms of the loans and the risks of the transactions, (3) misrepresenting the ability of Plaintiffs to qualify for the loans; and (4) knowing (or should have known) that Plaintiffs would not have entered into the loans if the true terms had been disclosed. Doc. No. 35, Am. Compl. ¶¶ 235-38.

These allegations are insufficient to meet Plaintiffs' burden under

Rule 8, much less the more rigorous requirements of Rule 9 that apply to claims of fraud. *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake). Instead, these allegations merely give lip service to the basic elements of a fraud claim, and fail to assert "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged actions, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48. Indeed, the Amended Complaint leaves completely unanswered precisely what actions each Defendant took that can form the basis of a fraud or mistake claim. *See also Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 540 (9th Cir. 1989) (stating that Rule 9(b) requires a plaintiff to attribute particular fraudulent statements or acts to individual defendants).

The court therefore DISMISSES this claim as to WMC, GE, and MERS entities with leave to amend.

**E.      Conspiracy to Commit Fraud and Conversion Against All Defendants (Count VI); Conspiracy to Commit Fraud Related to MERS System Against All Defendants (Count VII)**

Count VI asserts that "[a]ll Defendants formed an association to conspire to deprive Plaintiffs of their property" by inducing Plaintiffs into entering loans that Defendants knew Plaintiffs would default on. *See* Doc. No. 35, Am.

Compl. ¶¶ 192-200. Count VII also asserts a conspiracy claim -- that Defendants conspired to create, manage, operate, and control MERS to defraud Plaintiffs by preventing Plaintiffs from being able to determine who owned the mortgage and note and from attempting to modify the loan terms. *Id.* ¶¶ 205-19. Defendants argue that these claims fail for several reasons. The court agrees.

As an initial matter, Plaintiffs must allege an underlying actionable claim to their conspiracy claim because "there can be no civil claim based upon a conspiracy alone . . . ." *Weinberg v. Mauch*, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); *Chung v. McCabe Hamilton & Renny Co.*, 109 Haw. 520, 530, 128 P.3d 833, 843 (2006). Plaintiffs, however, have failed to allege an underlying claim for either conversion or fraud. As to the allegation of conversion in Count VI, Plaintiffs assert that Defendants are depriving Plaintiffs of the subject property, but conversion applies only to "any distinct act of dominion wrongfully exerted over another's *personal* property." *Pourney v. Maui Police Dept.*, 127 F. Supp. 2d 1129, 1146 (D. Haw. 2000) (quoting *Tsuru v. Bayer*, 25 Haw. 693, 696 (Haw. Terr. 1920) (emphasis added)). The subject property is real, not personal property, and in any event Plaintiffs are still in possession of the subject property. As to Plaintiffs' allegations of fraud in support of Counts VI or VII, as explained above, they are wholly vague and conclusory and do not meet the heightened pleading

requirements of Rule 9(b) -- Plaintiffs must plead the time, place, and nature of the alleged actions constituting fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48.

Finally, to the extent the conspiracy claims are premised on alleged fraud, Plaintiffs must meet the heightened pleading requirements of Rule 9(b) in alleging a conspiracy. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotations omitted)). Plaintiffs have failed to do so.

The court therefore DISMISSES Counts VI and VII as to all Defendants with leave to amend to state claims for conspiracy to defraud Plaintiffs. Leave is not granted, however, for Plaintiffs to state a claim for conspiracy to commit conversion, as such amendment would be futile.

## F.     Unjust Enrichment Against All Defendants (Count VIII)

To bring an unjust enrichment claim, a plaintiff must prove two elements: "(a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs." *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. App. 2007) (citing *Small v. Badenhop*, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985)). Further, there must be "an absence of

an adequate remedy at law." *Id.* (citations omitted).

The Amended Complaint asserts, among other things, that Defendants' "deceptive scheme . . . unjustly enriched Defendants, and each of them, to the detriment of Plaintiffs, by causing Defendants, and each of them, to receive excessive monetary payments from Plaintiffs" in the form of inflated interest payments and "prohibitive" charges for services. Doc. No. 35, Am. Compl. ¶¶ 225-27. These vague and conclusory allegations are insufficient to suggest a claim for relief that is plausible on its face -- it is unclear which Defendants received what payments, therefore failing to provide fair notice to each Defendant regarding the nature of Plaintiffs' unjust enrichment claim. *See, e.g.*, *Khomich v. Bank of Am., N.A.*, 2011 WL 1087858, at *8-9 (E.D. Cal. Mar. 23, 2011) (dismissing unjust enrichment claim based on alleged "higher interest rates, fees, rebates, kickbacks and profits, as well as payments from various third parties," because, among other reasons, plaintiff failed to "state any facts in support of the contention that Defendants received and retained benefits and payments to which they were not entitled"); *Sorrels v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, 2011 WL 662980, at *6 (S.D. Cal. Feb. 14, 2011) (dismissing claim because "[t]he conclusory allegations plaintiffs' [sic] provide do not show 'plausible liability' with respect to this claim"); *Gomez v. World Savings Bank*

*FSB*, 2010 WL 5280004, at *5 (E.D. Cal. Dec. 13, 2010) ("[T]he FAC fails to allege which Defendants receive what monies and thus fails to provide fair notice of the nature of Plaintiff's unjust enrichment claim.").

The court therefore dismisses Count VIII of the Amended Complaint with leave to amend. This dismissal is as to all Defendants.[4]

## G. FCRA Violation Against Chase Entities and LCS (Count V)

The Amended Complaint asserts that "Defendants are persons who furnish information to credit reporting agencies under 15 U.S.C. § 1681s-2," and that they failed to comply 15 U.S.C. § 1681s-2(b) when they "made false statements to credit bureaus and neglected to make true statements to credit bureaus, including but not limited to an excessive amount of debt for which Plaintiffs were tricked and deceived into signing . . . ." Doc. No. 35, Am. Compl. ¶ 189.

LCS argues that these allegations are insufficient to state a claim

---

[4] WMC and GE further argue that this claim cannot stand where there is an express contract between the parties. *See* Doc. No. 64-1, WMC & GE Mot. at 23. Although the court agrees that an unjust enrichment claim cannot lie where there is an express contract governing the relationship of the parties, *see AAA Haw., LLC v. Haw. Ins. Consultants, Ltd.*, 2008 WL 4907976, at *3 (D. Haw. Nov. 12, 2008), at this pleading stage the court cannot discern whether Plaintiffs plead this claim in the alternative in the event the contracts are found void.

LCS also argues that summary judgment should be granted on this claim because Plaintiffs have not made any payments to LCS. *See* Doc. No. 57-1, LCS Mot. at 31. Even if Plaintiffs did not make any actual payments to LCS, there is nonetheless the possibility that LCS was unjustly enriched -- payments need not be made directly from Plaintiffs. Thus, Plaintiffs are granted leave to better allege the basis of this claim, if possible.

pursuant to the FCRA.  The court agrees.  Pursuant to 15 U.S.C. § 1681s-2(a),

furnishers of credit information have a duty to provide accurate information to a

credit reporting agency.  *See also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d

1147, 1154 (9th Cir. 2009).  These duties are enforceable only by federal and state

agencies.  *See id*; *see also Nelson v. Chase Manhattan Mortg. Corp*., 282 F.3d

1057, 1059-60 (9th Cir. 2002); 15 U.S.C. § 1681s-2(d) (noting that duties created

under § 1681s-2(a) are enforced exclusively by the Federal agencies and officials

and State officials).  An individual may bring a private cause of action only under

15 U.S.C. § 1681s-2(b), where the furnisher is given notice from a credit reporting

agency of a dispute and fails to investigate within specified time limits.  *See also*

*Nelson*, 282 F.3d at 1060.  In other words, "[i]t is only after (1) a consumer has

notified a credit reporting agency of an inaccuracy, (2) the agency has notified the

furnisher, and (3) the furnisher has failed to take action, that a consumer may sue

the furnisher."  *See Diana I Am v. Nat'l City Mortg. Co.*, 2010 WL 571936, at *10

(D. Haw. Feb. 17, 2010).

       The Amended Complaint includes no allegations that Plaintiffs

complied with these prerequisites to bringing this claim -- Plaintiffs do not assert

that (1) they notified any credit reporting agency of any inaccuracies in their credit

report, (2) the credit reporting agency notified any Defendants, or (3) that such

Defendants, upon notification, failed to investigate. Accordingly, the court

dismisses this Count with leave to amend as to both LCS and Chase entities.[5]

## H.     FDCPA Violation Against Chase Entities and LCS (Count IV)

The Amended Complaint asserts that Chase entities and LCS violated

various provisions of the FDCPA.

In general, "[t]he purpose of the FDCPA is to protect vulnerable and

unsophisticated debtors from abuse, harassment, and deceptive collection

practices." *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 938 (9th Cir. 2007)

(citations omitted). A claim for violation of the FDCPA is determined under an

objective standard of from the perspective of the "least sophisticated debtor."

*Swanson v. S. Or. Credit Serv.*, 869 F.2d 1222, 1225 (9th Cir. 1989)). "If the least

sophisticated debtor would 'likely be misled' by a communication from a debt

collector, the debt collector has violated the Act." *Guerrero*, 499 F.3d at 934

(quoting *Swanson*, 869 F.2d at 1225)). "The objective least sophisticated debtor

standard is 'lower than simply examining whether particular language would

deceive or mislead a reasonable debtor,'" *Terran v. Kaplan*, 109 F.3d 1428,

1431-32 (9th Cir.1997) (quoting *Swanson*, 869 F.2d at 1227), and is aimed at

---

[5] Although LCS additionally argues that summary judgment should be granted on this claim because LCS is not a "person who furnishes information to credit reporting agencies," *see* Doc. No. 58-1, Nash Decl. ¶ 8, such statement is wholly conclusory and provides no factual basis. As such, this statement does not carry LCS's summary judgment burden.

ensuring that the FDCPA "protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous." *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (internal quotation marks and citations omitted).

LCS argues that summary judgment should be granted on several of their alleged violations of the FDCPA, and that Plaintiffs have failed to state a claim for other violations. The court addresses each of Plaintiffs' FDCPA claims in turn.

### 1.    Failure to comply with 15 U.S.C. § 1692g(a)

Section 1692g(a) of the FDCPA provides:

> Notice of debt; contents
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>> (1) the amount of the debt;
>> (2) the name of the creditor to whom the debt is owed;
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification

of the debt or a copy of a judgment against the
consumer and a copy of such verification or
judgment will be mailed to the consumer by the
debt collector; and
(5) a statement that, upon the consumer's written
request within the thirty-day period, the debt
collector will provide the consumer with the name
and address of the original creditor, if different
from the current creditor.

The Amended Complaint asserts that LCS violated § 1692g(a) by

failing, within five days of its initial communication, to disclose (1) the name of

the creditor, (2) the right to dispute the debt within thirty days, (3) the right to have

verification/judgment mailed to Plaintiffs, and (4) that LCS will provide the name

and address of the original creditor if different from the current creditor.  Doc. No.

35, Am. Compl. ¶¶ 172-74, 177-79.  LCS argues that summary judgment should be

granted on these claims because there is no genuine issue of material fact that it

provided this information to Plaintiffs.  The court agrees with LCS in part.

LCS's initial March 25, 2010 letter to Plaintiffs -- which Plaintiffs

admit receiving -- provides:

Please be advised that LCS Financial Services Corp.
represents CHASE with regard to the balance due and
owing on the above referenced promissory note. . . .
PLEASE SEE REVERSE SIDE FOR IMPORTANT
INFORMATION
[reverse side of the letter]
The following information is provided in accordance
with the Fair Debt Collection Practices Act:

1. The total amount of the debt as of the date of this letter is $235669.54.
2. The name of the current creditor to whom the debt is owed is CHASE.
3. Unless you notify this office within thirty days after receiving this notice that you dispute this debt, or any portion thereof, the debt will be assumed to be valid by us.
4. If you notify this office in writing within thirty days after receiving this notice that you dispute this debt, or any portion thereof, our office will obtain verification of the debt, or a copy of any judgment against you, and a copy of such verification of judgment will be mailed to you.
5. Upon written request within thirty days after your receipt of this notice, our office will provide you with the name and address of the original creditor, if different from the current creditor.

Doc. No. 58-2, LCS Ex. A.

This letter leaves no doubt that LCS notified Plaintiffs in its initial letter that (1) unless Plaintiffs, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by LCS; (2) if Plaintiffs dispute the debt, LCS will obtain verification of the debt and mail copies to them; and (3) if requested, LCS will provide Plaintiffs with the name and address of the original creditor, if different from the current creditor. The language used in this letter is clear, and even tracks much of the statutory language in 15 U.S.C. §§ 1692g(a)(3)-(5). Accordingly, the court finds no genuine issue of material fact that this letter provided notice of the requirements

in 15 U.S.C. §§ 1692g(a)(3)-(5) to a least sophisticated debtor.  The court therefore GRANTS LCS's Motion for Summary Judgment on these allegations.[6]

The court finds, however, that a genuine issue of material fact exists regarding whether LCS complied with § 1692g(a)(2)'s requirement that LCS identify the current creditor.  LCS identified the creditor only as "CHASE," and it should go without saying that there are multiple Chase entities.  *See, e.g.*, *Hofstetter v. Chase Home Finance, LLC*, 2011 WL 1225900 (N.D. Cal. Mar. 31, 2011); *Roberts v. JP Morgan Chase Bank, N.A.*, 2011 WL 864949 (N.D. Cal. Mar. 11, 2011); *Matute v. Chevy Chase F.S.B.*, 2011 WL 830488 (E.D. Cal. Mar. 03, 2011); *Sorrels v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*,  2011 WL 662980 (S.D. Cal. Feb. 14, 2011); *Barrer v. Chase Bank, USA, N.A.*, 2011 WL 11421 (D. Or. Jan. 04, 2011).  Further, there is no evidence on the record establishing that Chase is indeed the current creditor.  *See In re Turner*, 2008 WL 4168488, at *2 (Bkrtcy. M.D. Ala. Sept. 5, 2008) (recommending denial of summary judgment

---

[6] The court recognizes that Plaintiffs have filed a "Rule 56(d) Declaration," arguing that summary judgment should not be determined until additional discovery is conducted.  *See* Doc. No. 82.  The Rule 56(d) Declaration, however, does not assert that there are any facts unavailable to Plaintiffs that might raise a genuine issue of material fact regarding LCS's alleged violations of 15 U.S.C. §§ 1692g(a)(3)-(5), and indeed, there is no dispute that LCS sent, and Plaintiffs received, the March 25, 2010 letter.  The court need not reach the other arguments in the Rule 56(d) Declaration because the court denies LCS's other arguments for summary judgment, and Rule 56(d) does not apply to Plaintiffs' failure to state a claim upon which relief can be granted.

where no evidence was presented establishing "that the defendant is the assignee of the debts" such that a genuine issue of material fact existed regarding whether the debt collection letter identified the creditor).[7]  Accordingly, it is a question of fact whether LCS complied with § 1692g(a)(2), and the court therefore DENIES LCS's Motion for Summary judgment as to § 1692g(a)(2).

### 2.    *Failure to comply with 15 U.S.C. § 1692g(b)*

Section 1692g(b) of the FDCPA provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

---

[7]  Although LCS cites to *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998), for the proposition that "a creditor need not use its full business name or its name of incorporation to avoid FDCPA coverage [and may] use the 'name under which it usually transacts business, or a commonly-used acronym,'" such statement of law does not answer whether simply using the name "CHASE" properly identifies the creditor in this instance to the least sophisticated debtor where there are multiple possible entities that "CHASE" could refer to. *See, e.g.*, *Berther v. TSYS Total Debt Mgmt., Inc.*, 2007 WL 1795472, at *1 (E.D. Wis. June 19, 2007) (reciting that the court earlier had denied motion to dismiss where creditor was identified as "Capital One" and there were numerous companies having similar names); *Schneider v. TSYS Total Debt Mgmt., Inc.*, 2006 WL 1982499, at *3 (E.D. Wis. July 13, 2006) (denying motion to dismiss where the name of the creditor remained unknown to the court such that it was "impossible for this court to decide whether [the debt collector] sufficiently identified the creditor to whom Schneider's debt is owed").

Section 1692g(b) gives a debt collector "a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested validation has been provided." *Golliday v. Chase Home Finance, LLC*, --- F. Supp. 2d ----, 2011 WL 31038, at *6 (W.D. Mich. Jan. 5, 2011) (citing *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. Appx. 297, 304 (6th Cir. 2008)). "At the minimum, 'verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed.'" *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1174-75 (9th Cir. 2006) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)).

The Amended Complaint asserts that LCS failed to (1) cease collection efforts after being notified that the debt was disputed, and (2) properly verify the debt by failing to identify the current creditor. *See* Doc. No. 35, Am. Compl. ¶¶ 180-81, 183. LCS argues that summary judgment should be granted because it ceased collection efforts after receiving Plaintiffs' demand for verification and properly verified the debt. The court agrees with LCS in part.

In response to LCS's initial March 25, 2010 letter, Plaintiffs notified LCS in an April 14, 2010 letter that "all or part" of the claim was disputed, demanded the name and address of the original creditor and verification of the

debt, and requested that LCS cease collection of the debt until it provided validation. Doc. No. 58-3, LCS Ex. B. LCS responded in an April 21, 2010 letter, explaining that Plaintiffs' account was now on hold pending verification of the debt. Doc. No. 58-4, LCS Ex. C. On July 21, 2010, LCS provided Plaintiffs copies of the mortgage notes with WMC, identified the current creditor as "CHASE," identified the original creditor as "WMC Mortgage Corp.," and advised that the current amount due on the debt was $235,669.54. Doc. No. 58-5, LCS Ex. D.

As to Plaintiffs' first allegation -- that LCS failed to cease collection efforts after being notified that the debt was in dispute -- the evidence presented suggests that LCS did indeed cease collection efforts, at least from the time between Plaintiffs' April 14, 2010 letter and LCS's July 21, 2010 letter. And Plaintiffs come forward with no evidence suggesting otherwise -- for example, Plaintiffs present no evidence that LCS conducted any inquiries on Plaintiffs' credit report or contacted and/or mailed Plaintiffs letters seeking collection. *See, e.g.*, *McClenning v. NCO Fin. Sys., Inc.*, 2010 WL 4795269, at *2 (C.D. Cal. Nov. 15, 2010) (discussing evidence presented by plaintiff of collection efforts). Further, although Plaintiffs have filed a Rule 56(d) Declaration, Plaintiffs do not assert that they need additional time to discover evidence of LCS's collection

efforts, *see, e.g.*, Doc. No. 82, Pls.' Rule 56(d) Decl. ¶ 12, and in any event, any evidence of collection efforts by LCS would be readily available to Plaintiffs. Accordingly, the court GRANTS LCS's Motion for Summary Judgment to the extent Plaintiffs assert that LCS failed to cease collection efforts between Plaintiffs' April 14, 2010 letter and LCS's July 21, 2010 letter.

As to Plaintiffs' second allegation -- that LCS failed to properly verify the debt -- as explained above, viewing the facts in a light most favorable to Plaintiffs, there is a genuine issue of material fact whether LCS properly identified the current creditor, especially given the multiple entities that use the name "Chase." The court finds that this failure to properly identify the current creditor also raises a genuine issue of material fact whether LCS properly verified the debt in its July 21, 2010 letter. Although LCS provided copies of the mortgage notes listing WMC as the lender, there is no explanation of who "Chase" is and the notes do not otherwise mention any "Chase" entity either. Accordingly, it is a question of fact whether this letter was sufficient to "confirm[] in writing that the amount being demanded is what *the creditor* is claiming is owed." *Clark*, 460 F.3d at 1173-74 (emphasis added).

In opposition, LCS argues that § 1692g(b) requires a debt collector to provide information only as to the original creditor, and not the current creditor.

*See* Doc. No. 57-1, LCS Mot. at 20. LCS appears to confuse the separate requirements of § 1692g(b). Specifically, § 1692g(b) outlines two separate items of information a debtor may request that ceases debt collection until provided: (1) the name and address of the original creditor; and (2) verification of the debt. At issue is only the second requirement -- Plaintiffs assert that LCS failed to properly verify the debt when it failed to provide the name of the current creditor. To the extent that LCS suggests that part of verifying the debt does not include at the very least identifying who purports to be the current creditor, the court rejects such a proposition.

The court therefore GRANTS in part and DENIES in part LCS's Motion for Summary Judgment on Plaintiffs' claim for violation of 15 U.S.C. § 1692g(b). Plaintiffs' claim for violation of § 1692g(b) remains against LCS to the extent based on failure to properly verify the debt in the July 21, 2010 letter and any debt collection practices that may have occurred after that date.

### 3.    *Violation of 15 U.S.C. §§ 1692e and 1692f*

Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," while § 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Both sections

37

further provide various non-exclusive examples of what constitutes violations of these provisions -- for example, § 1692e(13) prohibits a debt collector from falsely representing that documents are legal process, while § 1692f(7) prohibits a debt collector from communicating with a debtor by postcard.

The Amended Complaint alleges that LCS and Chase entities violated §§ 1692e and 1692f based on their violations of the notice provisions in the initial letter to Plaintiffs, and in their failure to properly verify the debt and cease collection efforts. Doc. No. 35, Am. Compl. ¶¶ 183-85. LCS argues that these allegations are insufficient to state a claim for violation of §§ 1692e and 1692f because Plaintiffs must allege specific conduct that violates these provisions and cannot rely on violations of other provisions of the FDCPA to state a violation of these sections. The court agrees.

As alleged, the Amended Complaint provides only legal conclusions that LCS and Chase entities violated §§ 1692e and 1692f, and fails to explain the conduct underlying these claims. Further, to the extent that Plaintiffs rely on the alleged violations of other sections of the FDCPA (discussed above), a plaintiff must base violations of §§ 1692e and 1692f on conduct other than that already identified in other sections of the FDCPA. *See Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (requiring that a plaintiff identify specific misconduct

other than that already enumerated in other sections of the FDCPA in order to successfully plead a Section 1692f claim); *Chalik v. Westport Recovery Corp.*, 677 F. Supp. 2d 1322, 1330 (S.D. Fla. 2009) (adopting and applying *Foti*); *Krapf v. Collectors Training Inst. of Ill., Inc.*, 2010 WL 584020, at *4 (W.D.N.Y. Feb. 16, 2010) (same); *Moore v. Diversified Collection Servs., Inc.*, 2009 WL 1873654, at *4 (E.D.N.Y. June 29, 2009) (dismissing claim for violation of § 1692f as conclusory and as improperly relying on violations of other FDCPA provisions). The court agrees that Plaintiffs may not simply rely on violations of other FDCPA provisions to state violations of §§ 1692e and 1692f, but rather must provide sufficient facts establishing a plausible claim for relief.

Accordingly, because the Amended Complaint fails to allege conduct establishing plausible violations of §§ 1692e and 1692f, the court DISMISSES these claims with leave to amend as to both LCS and Chase entities.

## I.     Leave to Amend

WMC and GE argue that Plaintiffs should not be granted leave to amend because the deadline for motions to amend pleadings has already passed and Plaintiffs cannot establish the "good cause" necessary to amend a scheduling order.  *See* Fed. R. Civ. P. 16(b)(4).  The good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order; if the party seeking

39

the modification was not diligent, the court should deny the motion. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Although Plaintiffs did not seek to amend their Amended Complaint before the deadline to amend pleadings passed, the court finds that Plaintiffs should still be granted an opportunity, if possible, to correct the deficiencies above (where not futile) given that Defendants did not raise these detailed arguments until recently, and Plaintiffs now have the benefit of this Order explaining the deficiencies of the Amended Complaint.

## V. <u>CONCLUSION</u>

As explained above, the court GRANTS WMC and GE's Motion for Judgment on the Pleadings, and GRANTS in part and DENIES in part LCS's Motion for Summary Judgment. As to each Count of the Amended Complaint, the court rules as follows:

1. Count I for TILA violations is dismissed, with leave for Plaintiffs to state a claim for TILA damages against WMC and GE;

2. Count II for quiet title is dismissed, with leave for Plaintiffs to state a claim against MERS entities and Chase entities only;

3. Count III for RESPA violations is dismissed, with leave for Plaintiffs to state a claim against WMC, GE, MERS entities, and Chase entities;

4. Count IV for FDCPA violations against LCS and Chase entities is dismissed in part. Summary judgment is granted as to Plaintiffs' claims against LCS for violation of 15 U.S.C. §§ 1692g(a)(3)-(5), and for violation of § 1692g(b) to the extent based on collection efforts between April 14, 2010 and July 21, 2010. Summary judgment is denied as to Plaintiffs' claims against LCS for violation of 15 U.S.C. §§ 1692g(a)(2) and 1692g(b) (to the extent based on failure to verify the debt and any collection efforts after July 21, 2010). Plaintiffs' claims against Chase entities for violations of 15 U.S.C. §§ 1692g(a)(2)-(5) and 1692g(b) remain. Plaintiffs' claims for violation of 15 U.S.C. §§ 1692e and 1692f against LCS and Chase entities are dismissed with leave to amend.

5. Count V for FCRA violations against Chase entities and LCS is dismissed with leave to amend;

6. Count VI for conspiracy to commit fraud against all Defendants is dismissed with leave to amend, but leave is not granted to amend as to Plaintiffs' claim for conspiracy to commit conversion;

7. Count VII for conspiracy to commit fraud related to MERS as to all Defendants is dismissed with leave to amend;

8. Count VIII for unjust enrichment as to all Defendants is dismissed with

leave to amend; and

9.      Count IX for fraud in the inducement against WMC, GE, and MERS entities is dismissed with leave to amend.

By June 10, 2011, Plaintiffs may file a Second Amended Complaint consistent with this Order (*i.e.*, Plaintiffs are not granted leave to file new claims and/or add new Defendants). If Plaintiffs do not file a Second Amended Complaint, Plaintiffs' FDCPA claims, as outlined above, remain against LCS and Chase entities. If Plaintiffs choose to file a Second Amended Complaint, however, they are further notified that a second amended complaint supersedes the original Complaint and Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the

///

///

///

///

///

///

original Complaint or Amended Complaint is waived if it is not raised in a Second

Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 13, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Amina et al. v. WMC Mortg. Corp. et al.*, Civ. No. 10-00165 JMS/KSC, Order (1) Granting Defendants WMC Mortgage, LLC and General Electric Company's Motion for Judgment on the Pleadings, Doc. No. 64; and (2) Granting in Part and Denying in Part Defendant LCS Financial Services Corporation's Motion for Summary Judgment, Doc. No. 57