IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife,<br><br>        Plaintiffs,<br><br>  vs.<br><br>WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>        Defendants.<br>_____ | CIVIL NO. 10-00165 JMS/KSC<br><br>ORDER (1) GRANTING DEFENDANTS WMC MORTGAGE LLC AND GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, DOC. NO. 92; AND (2) DISMISSING OTHER CLAIMS |

**ORDER (1) GRANTING DEFENDANTS WMC MORTGAGE LLC AND GENERAL ELECTRIC COMPANY'S MOTION TO DISMISS SECOND AMENDED COMPLAINT, DOC. NO. 92; AND (2) DISMISSING OTHER CLAIMS**

**I. INTRODUCTION**

On March 22, 2010, Plaintiffs Melvin Keakaku Amina and Donna Mae Amina ("Plaintiffs") filed this action alleging claims against Defendants WMC Mortgage LLC ("WMC"), General Electric Company ("GE"), MERSCORP,

Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS entities"), Chase Home Finance LLC and Chase Home Finance, Inc. ("Chase entities"), and LCS Financial Services Corporation ("LCS") (collectively "Defendants"), for violations of the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act of 1974 ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and various state law claims stemming from a mortgage transaction and subsequent threatened foreclosure of real property located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822 (the "subject property").

On May 16, 2011, the court dismissed Plaintiffs' First Amended Complaint ("FAC") as to all claims against WMC and GE for failure to state a claim upon which relief can be granted (the "May 16, 2011 Order"). *See* Doc. No. 86. Plaintiffs subsequently filed their Second Amended Complaint ("SAC"), and currently before the court is WMC and GE's Motion to Dismiss the SAC. WMC and GE argue that Plaintiffs failed to correct the deficiencies outlined in the May 16, 2011 Order and otherwise fail to state a claim upon which relief can be granted. Based on the following, the court GRANTS WMC and GE's Motion to Dismiss. Given obvious defects as to all Defendants, the dismissal as to certain claims applies to all Defendants.

## II. BACKGROUND

A. **Factual Background**[1]

As alleged in the SAC, in February 2006, Plaintiffs entered into two mortgage loans from WMC, one for $880,000, and another for $220,000, to purchase the subject property. *See* Doc. No. 87, SAC ¶¶ 39-40; *see also* Doc. No. 86, May 16, 2011 Order at 3 (citing judicially-noticed facts). In entering into these loans, Plaintiffs' loan broker (not a party to this action) dissuaded Plaintiffs from taking a loan with a down payment and deceived Plaintiffs about the interest rate and payment amounts for the loans. Doc. No. 87, SAC ¶ 36. WMC allegedly "paid the loan broker a kickback to steer Plaintiffs into these loans" and knew that the loans were unaffordable and would go into default. *Id.* ¶¶ 37-38. Plaintiffs further assert that in consummating this loan, they were not provided HUD-1 Settlement Statements for either loan, and that WMC "failed to make TILA disclosures required by 15 U.S.C. § 1635" and failed to disclose the last date on which Plaintiffs could cancel the loans. *Id.* ¶¶ 44, 93-94.

The mortgages list Mortgage Electronic Registration Systems, Inc., as the mortgagee, solely as nominee for WMC. *See id.* ¶ 47. The SAC includes a

---

[1] Because the Motion to Dismiss is brought by WMC and GE only, the court outlines those allegations that are directed to these particular Defendants.

number of allegations as to the MERS entities, and it is unclear precisely how these facts are relevant to Plaintiffs' specific claims. For example, the SAC asserts that the MERS entities did not provide any capital for either loan, did not receive loan payments from Plaintiffs, and that WMC did not give the MERS entities the power to foreclose or assign the mortgages. *Id.* ¶¶ 48-50. The SAC further asserts that "[t]he party for whom MERS was acting as nominee has changed, however MERS conceals the identity of the party for whom MERS was acting as nominee, and falsely represents that MERS is still nominee for the party named in the mortgage." *Id.* ¶ 51. Finally, the SAC includes numerous general allegations regarding the MERS entities' general business model and records. *Id.* ¶¶ 52-66.

**B.     Procedural Background**

On March 22, 2010, Plaintiffs filed this action asserting federal and state law claims against Defendants stemming from their mortgages on the subject property, the servicing of the loans, and the threatened foreclosure. On May 16, 2011, the court granted WMC and GE's Motion for Judgment on the Pleadings, and granted in part and denied in part LCS's Motion for Summary Judgment, resulting in certain of Plaintiffs' FDCPA claims against LCS and Chase remaining. *See* Doc. No. 86. The court further granted Plaintiffs leave to amend as to certain claims.

On May 31, 2011, Plaintiffs filed their SAC, alleging claims for: (1) TILA violations against WMC, GE, "unknown owners of the evidence of the debt and/or owners of the note" (Count I); (2) Quiet title against MERS, Chase entities, "unknown owners of the evidence of the debt and/or owners of the note" (Count II); (3) RESPA violations against WMC, GE, MERS entities, and Chase entities (Count III); (4) FDCPA violations against Chase entities and LCS (Count IV); (5) FCRA violations against Chase entities and LCS (Count V); (6) Conspiracy to commit fraud against all Defendants (Count VI); (7) Conspiracy to commit fraud related to MERS against all Defendants (Count VII); (8) Unjust enrichment against all Defendants (Count VIII); and (9) Fraud in the inducement against WMC, GE, and MERS entities (Count IX).

On June 15, 2011, WMC and GE filed their Motion to Dismiss the SAC. On July 18, 2011, Plaintiffs requested an extension of time to file their Opposition. Doc. No. 100. On July 19, 2011, the court granted Plaintiffs' request, allowing Plaintiffs to file an Opposition by August 8, 2011. Doc. No. 102. Plaintiffs failed to file any Opposition. Pursuant to Local Rule 7.2(d), the court determines WMC and GE's Motion to Dismiss without a hearing.

///

///

## III. STANDARDS OF REVIEW

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court may dismiss a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) on its own motion. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); *Ricotta v. California*, 4 F. Supp. 2d 961, 968 n.7 (S.D. Cal. 1998) ("The Court can dismiss a claim *sua sponte* for a Defendant who has not filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6)."); *see also Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that a district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged).

**B.    Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In their pleadings, a plaintiff must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id*. (citation and quotation signals omitted). Where there

7

are multiple defendants, a plaintiff cannot "lump multiple defendants together" and instead must "differentiate their allegations [between defendants]." *Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted). However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

///

///

## IV. **DISCUSSION**

WMC and GE argue that each of the claims asserted against them fail to state a claim upon which relief can be granted. The court addresses WMC and GE's arguments as to each claim.

### A. TILA Violations Against WMC and GE (Count I)

The SAC asserts that WMC committed various TILA violations in both consummating the loan with Plaintiffs and failing to honor Plaintiffs' notice of rescission sent on February 28, 2006. Doc. No. 87, SAC ¶¶ 135-142. Plaintiffs therefore seek damages and rescission. *Id.* ¶¶ 144, 147. These are the same basic allegations that were included in the FAC, and Defendants argue that this claim should be dismissed for the same reasons explained in the May 16, 2011 Order. The court agrees.

The May 16, 2011 Order dismissed Plaintiffs' TILA rescission claim on the basis that Plaintiffs entered into the mortgage loans to purchase the subject property, and TILA does not grant a right of rescission for such transactions. *See* 15 U.S.C. §§ 1635(e)(1), 1602(w). As a result, the May 16, 2011 Order dismissed Plaintiffs' TILA rescission claim without leave to amend. To the extent that Plaintiffs again attempt to state a TILA rescission claim, the court STRIKES such claim as improper.

As to Plaintiffs' TILA damages claim, the May 16, 2011 Order dismissed Plaintiff's previous claim as time-barred and Plaintiffs have failed to adequately address any of this claim's deficiencies that the May 16, 2011 Order outlined. Specifically, the May 16, 2011 Order explained that TILA damages claims must be brought "within one year from the date of the occurrence of the violation," 15 U.S.C. § 1640(e), and in Plaintiffs' case, the alleged violations occurred in February 2006, over four years before this suit was filed. The May 16, 2011 Order nonetheless explained that equitable tolling might apply under certain circumstances. *See* Doc. No. 86, May 16, 2011 Order at 16 (citing *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986)). To plead equitable tolling, the May 16, 2011 Order explained that Plaintiffs must assert facts indicating that Plaintiffs did not have a reasonable opportunity to discover the TILA violations because, for example, Defendants prevented Plaintiffs from discovering the alleged TILA violations or caused Plaintiffs to allow the filing deadline to pass. *Id.* at 16-17 (citing cases).

In an attempt to include allegations suggesting that equitable tolling applies, the SAC now asserts that "Plaintiffs did not have a reasonable opportunity to discover the TILA violations [because] [n]o HUD-1 Settlement Statement was provided for either loan," and that Plaintiffs were tricked into allowing the filing

deadline to pass due to Chase's false promises regarding loan modification. Doc. No. 87, SAC ¶¶ 145-46. These allegations fall short. The HUD-1 form sets forth settlement charges in connection with the purchase of residential property such that whether Plaintiffs received this form would not impact their ability to discover WMC and GE's alleged TILA violations of failing to disclose the identity of the creditors at closing, providing notices of the right to cancel that do not match the model form H-8, and failing to record documents reflecting termination of the mortgages upon receipt of the rescission notices. *See id.* ¶¶ 135-142 (outlining alleged TILA violations). Further, assuming that Chase made false promises during the loan modification process, such "trickery" did not occur at any time within the statute of limitations period, *i.e.*, before February 26, 2007, and therefore did not prevent Plaintiffs from timely learning of their claims.

In sum, Plaintiffs failed to correct the deficiencies of their TILA damages claim that the court previously outlined. The court therefore GRANTS WMC and GE's Motion on Plaintiffs' TILA claim. As to whether Plaintiffs should be granted another opportunity to correct the deficiencies of the SAC, the court finds that granting leave would be futile for several reasons. First, the court has already explained in detail once what Plaintiffs must allege to assert equitable tolling and although Plaintiffs attempted to address this issue in their SAC, the

facts alleged, even if pled in more detail, could not establish equitable tolling.
Second, Plaintiffs have failed to respond to WMC and GE's Motion in any way
and/or explain to the court how they might be able to allege a timely TILA
damages claim. The court therefore finds that granting leave to amend would be
futile. This dismissal is with prejudice.

**B.     RESPA Violations Against WMC, GE, MERS Entities, and Chase Entities (Count III)**

In support of Plaintiffs' RESPA claim, the SAC alleges that WMC,
GE, MERS entities, and Chase entities paid and/or accepted various kickbacks
and/or charged Plaintiffs for items that did not benefit them during the
consummation of the mortgage loan. *See* Doc. No. 87, SAC ¶¶ 161-79. The SAC
further asserts that WMC, MERS entities, and Chase entities violated 12 U.S.C.
§ 2605 when they "failed to give notice to the borrower at the time of transfer." *Id.*
¶ 180. These allegations fail to state a viable RESPA claim for several reasons.[2]

As to the SAC's allegations that WMC, GE, MERS entities, and/or
Chase entities paid and/or accepted kickbacks and/or made improper charges, the
FAC included these same basic allegations and the May 16, 2011 Order dismissed
them as time-barred. As the May 16, 2011 Order explained, the statute of

---

[2] The SAC asserts additional RESPA violations as to Chase entities. *See* Doc. No. 87, SAC ¶¶ 179, 181. The court does not address those allegations in this Order.

12

limitations on these claims has passed and Plaintiffs failed to allege any facts suggesting that equitable tolling may apply to this RESPA claim. *See* Doc. No. 86, May 16, 2011 Order at 19-20. Plaintiffs failed to remedy this problem -- indeed, the SAC includes no allegations whatsoever suggesting that equitable tolling might apply.

As to the allegation that WMC, MERS entities, and Chase entities violated 12 U.S.C. § 2605 when they "failed to give notice to the borrower at the time of transfer," this allegation is a wholly new RESPA claim and the court did not grant Plaintiffs leave to file new RESPA claims. Rather, Plaintiffs were granted leave to cure the deficiencies in the RESPA claims that they had already alleged. Further, it appears that in alleging this claim, Plaintiffs simply copied this exact same language from the May 16, 2011 Order describing the different types of RESPA violations. *See* Doc. No. 86, May 16, 2011 Order at 20-21. But this conclusory statement in the SAC is hardly sufficient to state a claim that is plausible on its face. Specifically, 12 U.S.C. § 2605(b) provides, in relevant part, that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person . . . not less than 15 days before the effective date of transfer of the servicing of the mortgage loan." Plaintiffs have included no facts explaining

that any Defendant was the servicer of the mortgage, what transfer is at issue, and when it occurred. Without such allegations, this claim fails to provide notice to Defendants of the basis of this claim.

In sum, Plaintiffs have failed to state a RESPA violation against WMC and GE, and these deficiencies apply equally to MERS entities and Chase entities. The court therefore DISMISSES Count II as to WMC, GE, MERS entities, and Chase entities. Given that Plaintiffs failed to correct the deficiencies of this claim even after the May 16, 2011 Order and have otherwise failed to respond to WMC and GE's Motion in any way as to how they might be able to state a RESPA claim, the court finds that granting leave to amend would be futile. This claim is therefore dismissed with prejudice. Plaintiff's RESPA claims that Chase entities did not properly apply all payments, and that Chase entities and LCS paid kickbacks, remains. *See* Doc. No. 87, SAC ¶¶ 179, 181.

**C. Fraud in the Inducement Against WMC, GE, and MERS Entities (Count IX)**

Similar to the FAC, the SAC again asserts that WMC, GE, and MERS entities fraudulently induced Plaintiffs to enter into the loan transactions by, among other things, (1) failing to disclose the material terms of the loans and services to Plaintiffs, (2) concealing the true terms of the loans and the risks of the transactions, (3) misrepresenting the ability of Plaintiffs to qualify for the loans;

14

and (4) knowing (or should have known) that Plaintiffs would not have entered into the loans if the true terms had been disclosed.  Doc. No. 87, SAC ¶¶ 261-65.  The SAC goes on, however, to include two new, additional allegations -- that "[o]n the closing documents, MERS falsely claims to be the mortgagee, and WMC falsely claimed to be the lender," and that "the numbers and other information on the loan closing documents presented to Plaintiffs does not match the information given to the servicer."  *Id.* ¶¶ 260, 264.

The May 16, 2011 Order has already explained that the allegations of fraudulent inducement that were included in the FAC are insufficient to meet Plaintiffs' burden under Rule 8, much less the more rigorous requirements of Rule 9 that apply to claims of fraud.  *See* Fed. R. Civ. P. 9(b) (requiring a party to state with particularity the circumstances constituting fraud or mistake).  Doc. No. 86, May 16, 2011 Order at 21-22.  As the May 16, 2011 Order explained, Plaintiffs must assert "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged actions, and how each Defendant participated in the fraud.  *Id.* at 22 (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d at 1547-48).

Further, the additional allegations included in the SAC are insufficient to adequately address the court's instructions that Plaintiff must assert

15

particularized allegations explaining the time, place, and nature of the alleged actions, as well as how each particular Defendant participated in the fraud.  The SAC's allegation that "MERS falsely claims to be the mortgagee, and WMC falsely claimed to be the lender" actually contradicts the SAC's other assertion that WMC is the creditor.  Doc. No. 87, SAC ¶ 82.  Even without this contradiction, however, this allegation leaves unanswered what "closing documents" Plaintiffs refer to given that the mortgage specifically lists MERS as the mortgagee, solely as nominee for WMC.  As to allegation that "the numbers and other information on the loan closing documents presented to Plaintiffs does not match the information given to the servicer," the SAC leaves unanswered precisely *what* information on the documents does not match the information given to the servicer, who the servicer is, and how each Defendant contributed to this incorrect information.  These allegations therefore do not cure the defects that the court already identified to Plaintiffs in the May 16, 2011 Order.

The court therefore DISMISSES Count IX.  Because these deficiencies apply equally to MERS entities, this dismissal is as to WMC, GE, and MERS entities.  Further, given that Plaintiffs failed to correct the deficiencies of this claim even after the May 16, 2011 Order and have otherwise failed to respond to WMC and GE's Motion in any way as to how they might be able to state a

16

claim, the court finds that granting leave to amend would be futile. This claim is therefore dismissed with prejudice.

### D. Conspiracy to Commit Fraud Against All Defendants (Count VI); Conspiracy to Commit Fraud Related to MERS System (Count VII)

Count VI, similar to its counterpart in the FAC, asserts that "[a]ll Defendants formed an association to conspire to deprive Plaintiffs of their property" by inducing Plaintiffs into entering loans that Defendants knew Plaintiffs would default on. *See* Doc. No. 87, SAC ¶¶ 215-23. Although Plaintiffs changed some of the general wording of this Count, the only new allegation in this claim compared to the FAC is that "LCS falsely represented by phone and by mail (the March 25, 2010 letter) that 'CHASE' is the owner of the Second Loan, when according to the public record WMC is the owner of the Second Loan . . . ." *Id.* ¶ 214. Count VII asserts almost verbatim the same basic allegations that were made in the previous Count VII of the FAC -- that Defendants conspired to create, manage, operate, and control MERS to defraud Plaintiffs by preventing Plaintiffs from being able to determine who owned the mortgage and note and from attempting to modify the loan terms. *Id.* ¶¶ 228-44.

These claims fail for the same reasons the court previously outlined in the May 16, 2011 Order -- the conspiracy claims are premised on alleged fraud, yet Plaintiffs have failed once again to meet the heightened pleading requirements of

17

Rule 9(b) in alleging a conspiracy. *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) ("Rule 9(b) imposes heightened pleading requirements where the object of the conspiracy is fraudulent." (citation and internal quotations omitted)). Further, the only new allegation contained in the SAC -- that LCS made false representations that Chase owns one of the loans -- does not establish and/or support that Defendants conspired with one another to make these false representations.

The court therefore DISMISSES Counts VI and VII. This dismissal is as to all Defendants. Given that Plaintiffs were already granted one opportunity to correct the deficiencies of these Counts and the allegations of these claims are equally as deficient as those in the FAC, this dismissal is with prejudice.

**E.     Unjust Enrichment Against All Defendants (Count VIII)**

To bring an unjust enrichment claim, a plaintiff must assert two elements: "(a) receipt of a benefit without adequate legal basis by Defendants; and (b) unjust retention of that benefit at the expense of Plaintiffs." *Porter v. Hu*, 116 Haw. 42, 53, 169 P.3d 994, 1005 (Haw. App. 2007) (citing *Small v. Badenhop*, 67 Haw. 626, 636, 701 P.2d 647, 654 (1985)). Further, there must be "an absence of an adequate remedy at law." *Id.* (citations omitted).

Just like the FAC, the SAC asserts, among other things, that

Defendants' "deceptive scheme . . . unjustly enriched Defendants, and each of them, to the detriment of Plaintiffs, by causing Defendants, and each of them, to receive excessive monetary payments" in the form of inflated interest payments and "prohibitive" charges for services. Doc. No. 87, SAC ¶¶ 249, 251-52. The court has already explained that these vague and conclusory allegations are insufficient to suggest a claim for relief that is plausible on its face -- it is unclear which Defendants received what payments, therefore failing to provide fair notice to each Defendant regarding the nature of Plaintiffs' unjust enrichment claim. *See* Doc. No. 86, May 16, 2011 Order at 25 (citing cases).

        The SAC includes only one new allegation, that Defendants "received excessive payments from an unknown lender or lenders using the Note as collateral, possibly having pledged the same Note multiple times; from an unknown insurance company pursuant to a wrongful claim; from the TARP program; and for other parties yet to be identified." Doc. No. 87, SAC ¶ 250. This allegation does not correct the deficiencies outlined in the May 16, 2011 Order -- it is wholly vague, failing to allege a claim that is plausible on its face. Further, this new allegation does not suggest that Defendants' retention of any benefits was at the expense of Plaintiffs.

        The court therefore dismisses Count VIII of the SAC as to all

Defendants.  Given that Plaintiffs failed to correct the deficiencies of this claim even after the May 16, 2011 Order and have otherwise failed to respond to WMC and GE's Motion in any way as to how they might be able to state a claim for unjust enrichment, the court finds that granting leave to amend would be futile. This claim is therefore dismissed with prejudice.

## V. **CONCLUSION**

As explained above, the court GRANTS WMC and GE's Motion to Dismiss.  As a result of this Order, the following claims remain:

1. Count II against MERS entities and Chase entities;

2. Count III against Chase entities to the extent based on the allegations that Chase entities did not properly apply all payments and that Chase entities and LCS paid kickbacks;

3. Count IV against Chase entities and LCS; and

4. Count V against Chase entities and LCS.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 25, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Amina et al. v. WMC Mortg. Corp. et al.*, Civ. No. 10-00165 JMS/KSC, Order (1) Granting Defendants WMC Mortgage LLC and General Electric Company's Motion to Dismiss Second Amended Complaint, Doc. No. 92; and (2) Dismissing Other Claims

20