IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA, et al., | CIVIL NO. CV 10-00165 JMS/KSC |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION |
| vs. | |
| WMC MORTGAGE, LLC, Successor in Interest to WMC Mortgage Corp., et al., | |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION

Defendants MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE LLC, and CHASE HOME FINANCE, INC. (hereinafter collectively referred to as "Defendants"), submit this Memorandum in support of their Motion to Extend Deadline for Hearing of Discovery Motions.

I. INTRODUCTION

A. DEADLINE FOR THE HEARING OF DISCOVERY MOTIONS

Paragraph 12 of Amended Rule 16 Scheduling Order provides that the discovery deadline shall be 12/30/11 and that all discovery motions shall be heard not later than 30 days prior to the discovery deadline. *See* [#95] Amended Rule 16

Scheduling Order, filed on 06/20/2011. Thus, the deadline for the hearing of discovery motions is 11/30/11, which is 30 days prior to 12/30/11.

**B.  PLAINTIFFS' BELATED RESPONSE TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS AND PLAINTIFFS' FAILURE TO PRODUCE DOCUMENTS**

Defendants are requesting that the deadline for the hearing of discovery motions be extended because of Plaintiffs' belated response belated service of their response to Defendants' First Request for Production of Documents to Plaintiffs and Plaintiffs' failure to produce documents pursuant to their Written Response.

On 10/14/10, Defendants served a First Request for Production of Documents to Plaintiffs pursuant to Rule 34, Fed. R. Civ. P. (*See* [#42] certificate of service for Defendants' First Request for Production of Documents to Plaintiffs, filed on 10/14/10). Plaintiffs failed to timely respond to the Request for Production of Documents.

At the [#126] settlement conference on 11/8/2011, Defendants' counsel asked Plaintiffs when they would respond to Defendants' First Request for Production of Documents. Defendants' counsel also explained to Plaintiffs that if they did not respond and provide us with the requested documents, we would be forced to file a motion with the Court. *See* Declaration of David Gruebner ("Gruebner Declaration"). In fact, counsel discussed the outstanding responses

and used the term "meet and confer" in explaining the need for the documents. *Id.* Plaintiffs responded by stating that they would respond by the end of the week. *Id.*

On or about 11/18/2011, Plaintiffs served their Written Response to Defendants' First Request for Production of Documents to Plaintiffs. (*See* Exhibit A attached). Plaintiffs Written Response stated: "Plaintiffs will make available for inspection and copying all such documents in their possession which they believe are responsive to this Request." Along with their Written Response, Plaintiffs produced a phone log that they had prepared. (*See* Exhibit A, responses 1-18). On 11/22/11, counsel sent an email to Ms. Amina requesting inspection of Plaintiffs' documents so that they could be copied. (*See* Exhibit "B.") Plaintiffs did not respond to the 11/22/11 email. (*See* Gruebner Declaration).

At the [#127] settlement conference on 11/28/2011, Defendants' counsel again asked Plaintiffs when they would produce the documents referenced in their Written Response. Defendants' counsel met Plaintiffs with and explained that they needed to produce the documents, and if they did, they could avoid having to go through a motion to compel. (*See* Gruebner Declaration.) Plaintiffs said they were leaving town on 11/29/11 and said they would call and make the documents available on 11/28/11. After Plaintiffs failed to call, counsel left a voicemail message and sent another email confirming the request and the ability to inspect the documents 11/28/11. (*See* Gruebner Declaration and Exhibit "C.")

Plaintiffs did not respond to the voicemail or the email. Thus, Defendants need to file a Motion to Compel Production of Documents.

## II.  THE DEADLINE FOR THE HEARING OF DISCOVERY MOTIONS SHOULD BE EXTENDED.

Pursuant to the Amended Rule 16 Scheduling Order, the deadline for the hearing of discovery motions is 11/30/11. *See* [#95] Amended Rule 16 Scheduling Order, filed on 06/20/2011, at paragraph 12.

Local Rule 7.2(a) states that, except as otherwise provided, "all motions shall be entered on the motion calendar of the assigned judge for hearing not less than thirty-five (35) days (five weeks) after service." Thus, in order for a discovery motion to be heard by 11/30/11, the discovery motion would have to have been filed by 10/26/11.

In the present case, Plaintiffs' belated service of their response to Defendants' First Request for Production of Documents to Plaintiffs and Plaintiffs' failure to produce documents pursuant to their Written Response occurred after the 10/26/11 date for filing discovery motions that would have allowed a discovery motion to be set for hearing by 11/30/11. At the [#126] settlement conference on 11/8/2011, when Defendants' counsel asked Plaintiffs when they would respond to Defendants' First Request for Production of Documents, Plaintiffs responded by stating that they would respond by the end of the week. (*See* Gruebner Declaration). Plaintiffs finally served their Written Response to Defendants' First

Request for Production of Documents on or about 11/18/2011, over one year after it was due. *See* [#42] certificate of service for Defendants' First Request for Production of Documents to Plaintiffs, filed on 10/14/10).

Although Plaintiffs' Written Response states that they will make documents available for inspection and copying, Plaintiffs have not done so. Pursuant to Rule 37(a), Rule 34, Fed. R. Civ. P., Defendants' counsel in good faith conferred with Plaintiffs in attempt to obtain production of the documents without court action. These attempts include communications with Plaintiffs at the settlement conferences on 11/8/2011 and 11/28/2011, as well as e-mails. (*See* Exhibits "B" and "C"). These attempts were unsuccessful and Plaintiffs have plans to leave town without resolving the matter.

Thus, Defendants were unable to file a motion to compel production of documents prior to 10/26/11 so that it could be heard by 11/30/11. Defendants would like to obtain documents requested from Plaintiffs. As indicated, Plaintiffs have not produced them or otherwise made them available for inspection and/or copying. Several attempts were made by the Defendants to meet and confer with Plaintiffs, but to no avail, thereby, prompting the need for Defendants' Motion to Compel Production of Documents. The Defendants respectfully submit that there is good cause and reason to extend the deadline for hearing of discovery motions.

### III. CONCLUSION

For the foregoing reasons, it is respectfully requested that Defendants' Motion to Extend Deadline for Hearing of Discovery Motions be granted.

DATED: Honolulu, Hawaii, November 30, 2011.

          /s/ David A. Gruebner
JEFFREY H. K. SIA
DIANE W. WONG
DAVID A. GRUEBNER
Attorneys for Defendants
MERSCORP, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., CHASE HOME
FINANCE, LLC, and CHASE HOME
FINANCE, INC.