IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA, et al., ) | CIVIL NO. CV 10-00165 JMS/KSC |
| ) | |
| Plaintiffs, ) | DECLARATION DAVID A. |
| vs. ) | GRUEBNER |
| ) | |
| WMC MORTGAGE, LLC, Successor ) | |
| in Interest to WMC Mortgage Corp., et ) | |
| al., ) | |
| Defendants. ) | |
| ) | |
| ) | |

## DECLARATION OF DAVID A. GRUEBNER

DAVID A. GRUEBNER, declares and states that:

I am an attorney licensed to practice law in all courts in the State of Hawaii, and a partner of the law firm of Ayabe, Chong, Nishimoto, Sia & Nakamura, attorneys for Defendants MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE LLC, and CHASE HOME FINANCE, INC.

    1. I have personal knowledge of the information and matters set forth within this Declaration.

    2. On 10/14/2010, Defendants served a First Request for Production of Documents to Plaintiffs. (*See* [#42] certificate of service for

1

Defendants' First Request for Production of Documents to Plaintiffs, filed on 10/14/2010).

3. At the [#126] settlement conference on 11/8/2011, I asked Plaintiffs when they would respond to Defendants' First Request for Production of Documents. I also explained to Plaintiffs that if they did not respond and provide us with the requested documents, we would be forced to file a motion with the Court. In fact, I discussed the outstanding responses and used the term "meet and confer" in explaining the need for the documents. Plaintiffs responded by stating that they would respond by the end of the week.

4. On or about 11/18/2011, Plaintiffs served their Written Response to Defendants' First Request for Production of Documents to Plaintiffs. Along with their Written Response, Plaintiffs produced a phone log that they had prepared. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiffs' Written Response to Defendants' First Request for Production of Documents to Plaintiffs, dated 11/18/2011.

5. On 11/22/11, I sent an email to Ms. Amina requesting inspection of Plaintiffs' documents so that they could be copied. Attached hereto as Exhibit "B" is a true and correct copy of my 11/22/11 email to Plaintiff Donna Amina.

6. At the [#127] settlement conference on 11/28/2011, I again

asked Plaintiffs when they would produce the documents referenced in their Written Response. Defendants' counsel met with and explained that they needed to produce the documents, and if they did, they could avoid having to go through a motion to compel. Plaintiffs said they were leaving town on 11/29/11 and said they would call and make the documents available on 11/28/11. After Plaintiffs failed to call, counsel left a voicemail message and sent another email confirming the request and the ability to inspect the documents 11/28/11. Attached hereto as Exhibit "C" is a true and correct copy of my 11/28/11 email to Plaintiff Donna Amina. Plaintiffs did not respond to the voicemail or the email.

7. Pursuant to Rule 37(a), Fed. R. Civ. P., Defendants, through the undersigned, their counsel, in good faith conferred with Plaintiffs in an attempt to obtain production of the documents without court action. These attempts include communications with Plaintiffs at the settlement conferences on 11/8/2011 and 11/28/2011.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, November 30, 2011.

/s/ David A. Gruebner
DAVID A. GRUEBNER