IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA; DONNA MAE AMINA, | CIVIL NO. 10-00165 JMS-KSC |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO DISMISS ACTION |
| vs. | |
| WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT AND/OR OWNERS OF THE NOTE, | |
| Defendants. | |

<u>FINDINGS AND RECOMMENDATION TO DISMISS ACTION</u>

On January 25, 2012, the Court held a hearing on its Order to Show Cause ("OSC"), issued on January 19, 2012.  In the OSC, the Court directed Plaintiffs to appear at the OSC hearing to show cause why the case should not be dismissed for failure to prosecute. Plaintiffs had failed to appear at the January 17, 2012 Final Pretrial Conference and failed to submit a Final Pretrial Conference Statement, in violation of Rule 16.6 of the Local Rules of Practice of the United

States District Court for the District of Hawaii ("Local Rules").

Plaintiffs failed to appear at the OSC hearing, and did not file a response to the OSC or otherwise communicate with the Court prior to the hearing. Following the OSC hearing, the Court issued an Order holding the OSC in abeyance.  The Court declined to recommend dismissal at the time due in part to the January 30, 2012 hearing on Defendant LCS Financial Services Corporation's Motion for Summary Judgment. The Court noted that Plaintiffs had failed to respond to the Motion for Summary Judgment, but advised counsel to nevertheless prepare for and attend the hearing.

Plaintiffs did not appear at the January 30, 2012 hearing on Defendant LCS Financial Services Corporation's Motion for Summary Judgment.

Courts do not take failures to prosecute and failures to comply with Court orders lightly.  Federal Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order."

Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.  To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Local Rules also authorize the imposition of sanctions when a party fails to comply with any provision of the Local Rules.  Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction.  Sanctions may be imposed by the court *sua sponte* consistent with applicable law.").  Although the Court recognizes that Plaintiffs are

3

proceeding *pro se*, their *pro se* status does not excuse their compliance with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiffs' failure to prosecute and failure to comply with Court orders (Doc. Nos. 123, 148). Plaintiffs failed to file a Final Pretrial Conference Statement, failed to attend the Final Pretrial Conference, failed to respond to the OSC and appear at the OSC hearing, and failed to oppose the Motion for Summary Judgment and appear at the hearing. The Court, after considering the five dismissal factors set forth in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002), finds that they weigh in favor of dismissal.

The public's interest in expeditious resolution of this litigation strongly favors dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). Plaintiffs commenced this action

on March 22, 2010.  Thereafter, numerous triage, status
and settlement conferences were held to assist
Plaintiffs in obtaining a loan modification or other
resolution of this litigation.  Their recent inaction
and failure to respond and/or participate in Court
proceedings are preventing the resolution of this
action.

For the same reasons discussed above, this
second factor weighs heavily in favor of dismissal.
Plaintiffs' failure to prosecute has interfered with
the Court's ability to manage its docket.  The Court,
not Plaintiffs, should control the pace of the docket.
Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.
Trial is scheduled for February 28, 2012, but cannot
proceed without Plaintiffs' participation.  As such,
the Court's interest in managing its docket strongly
supports dismissal.

Like factors one and two, the risk of prejudice
to Defendants weighs heavily in favor of dismissal.
Plaintiffs' actions have impaired Defendants' ability

to proceed to trial and threaten to interfere with the rightful decision of the case.  <u>Pagtalunan</u>, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate.  This case has been pending for nearly two years.  Even after the issuance of the OSC and threat of dismissal therein, Plaintiffs did not respond or communicate with the Court.  Nor did they oppose Defendant LCS Financial Services Corporation's Motion for Summary Judgment or appear at the hearing on the same.  The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiffs to prosecute this action or comply with Court orders.  Accordingly, this factor supports dismissal.

Finally, the Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four

factors favor dismissal, this factor is outweighed.

Based on the foregoing, this Court RECOMMENDS that the action be DISMISSED pursuant to FRCP 41(b) for failure to comply with Court orders and failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, January 30, 2012.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 10-00165 JMS-KSC; AMINA, et al. V. WMC MORTGAGE CORP., et al.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION