IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>    Defendants.<br>_____ | CIVIL NO. 10-00165 JMS/KSC<br><br>ORDER SETTING HEARING ON PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE KEVIN S.C. CHANG'S FINDINGS AND RECOMMENDATION TO DISMISS ACTION |

**ORDER SETTING HEARING ON PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE KEVIN S.C. CHANG'S FINDINGS AND RECOMMENDATION TO DISMISS ACTION**

    On January 30, 2012, Magistrate Judge Kevin S.C. Chang entered his Findings and Recommendation to Dismiss Action (the "January 30 F&R"). The January 30 F&R made this recommendation after Plaintiffs Melvin Keakaku Amina and Donna Mae Amina ("Plaintiffs") failed to: (1) file any Oppositions to Defendants' Motions for Summary Judgment, due January 9, 2012, *see* Doc. No.

123 (notifying Plaintiffs of deadlines for summary judgment motions); (2) file a Pretrial Conference Statement, due January 10, 2012; (3) appear at the January 17, 2012 Final Pretrial Conference; (4) appear at the January 25, 2012 hearing on Magistrate Judge Chang's Order to Show Cause; and (5) appear at the January 30, 2012 hearing on Defendants' Motions for Summary Judgment.

On February 3, 2012, Plaintiffs filed an Objection to the January 30 F&R.  Plaintiffs argue that because Melvin Amina filed for Chapter 13 bankruptcy on January 12, 2012, this action is automatically stayed and the January 30 F&R is void.  The court rejects Plaintiffs' frivolous argument.

As an initial matter, Melvin Amina's bankruptcy automatically stays only those actions that are brought *against* him.  Specifically, 11 U.S.C. § 362 provides:

> Automatic stay
> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of --
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

(emphasis added).  Plaintiffs brought this action against Defendants and therefore it

is not an "action or proceeding against the debtor." *See Parker v. Bain*, 68 F.3d 1131, 1135 (9th Cir. 1995) (explaining that automatic stay did not apply to action brought by the plaintiff because "[i]t is a claim by, not against, the debtor, and its successful prosecution would 'inure to the benefit of the bankruptcy estate'") (quoting *Carley Cap. Grp. v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C. Cir. 1989) (per curiam)).

Second, the court rejects that Plaintiffs could have formed any mistaken belief that Melvin Amina's bankruptcy filing automatically stayed this action. The "Notice of Bankruptcy Case Filing" from the Clerk of the United States Bankruptcy Court of the District of Hawaii notified Melvin Amina that an automatic stay is limited to actions *against* the debtor:

> In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

*See* Doc. No. 145-1. Further, the same day that Melvin Amina filed for bankruptcy, Plaintiffs filed in this action a Motion to Consolidate this action with *Amina et al. v. Bank of New York Mellon*, Civil No. 11-00714 JMS/BMK. If Plaintiffs had honestly formed the belief that this action was automatically stayed,

3

they would not have sought this relief.

Finally, even if the court were to give Plaintiffs the benefit of the doubt that they mistakenly formed the belief this action was stayed, Plaintiffs failed to participate in this action *before* Melvin Amina filed for bankruptcy on January 12, 2012.  Specifically, Plaintiffs failed to file Oppositions to Defendants' Motions for Summary Judgment by January 9, 2012, and failed to file a Pretrial Conference Statement by January 10, 2012.  Thus, even if Plaintiffs believed that filing for bankruptcy stayed this action, they had already begun to ignore their obligations in this action.

This action is set for trial to commence on February 28, 2012.  As a result of Plaintiffs' complete failure to meet their litigation obligations in an action that they filed, this action is not on track for trial.  Plaintiffs are therefore ORDERED to appear before this court on February 9, 2012 at 11:00 a.m. to explain why this action should not be dismissed with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 3, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Amina et al. v. WMC Mortg. Corp. et al.*, Civ. No. 10-00165 JMS/KSC, Order Setting Hearing on Plaintiffs' Objection to Magistrate Judge Kevin S.C. Chang's Findings and Recommendation to Dismiss Action