McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN        3639-0
minkin@m4law.com
BECKY T. CHESTNUT  7756-0
chestnut@m4law.com
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i  96813
Telephone:  (808) 529-7300
Facsimile:   (808) 524-8293

Attorneys for Defendant
LCS FINANCIAL SERVICES CORPORATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>                    Defendants. | CIVIL NO. CV 10-00165 JMS KSC<br><br>RESPONSE TO PLAINTIFFS' OBJECTION; DECLARATION OF DAVID J. MINKIN; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br><br>HEARING<br>Date:   February 9, 2012<br>Time:  11:00 a.m.<br>Judge: Hon. J. Michael Seabright |

262394.1

## RESPONSE TO PLAINTIFFS' OBJECTION

Defendant LCS Financial Services Corporation ("LCS"), by and through its attorneys, McCorriston Miller Mukai MacKinnon LLP, hereby responds to Plaintiffs' Objection, served February 2, 2012, to the Findings and Recommendation to Dismiss Action, entered by Magistrate Judge Chang on January 30, 2012.

LCS has no objection to the findings, analysis and recommendations in the February 2, 2012 Findings and Recommendation to Dismiss Action, or to the observations, analysis and conclusions in this Court's February 3, 2012 Order.

LCS does, however, takes exception to the statements in Plaintiffs' Objection, particularly the statement that Plaintiffs have been "actively negotiating" with LCS's attorney David Minkin. Plaintiffs and LCS did engage in settlement discussions with Magistrate Judge Chang on November 8, 2011 and November 28, 2011. See Declaration of David J. Minkin ("Minkin Decl."). At the conclusion of those discussions, Plaintiffs orally agreed to dismiss all claims against LCS for the maximum statutory damages for a Fair Debt Collections Practices Act claim. Id. Counsel for LCS prepared a settlement agreement setting out the agreed-to terms and delivered it to Plaintiffs on December 2, 2011. Id.; see also Exhibit "A". Plaintiffs did not execute and return the agreement, and did not take issue with any of the terms but, over a month later, on Friday, January 6,

2012, Plaintiffs sent a letter to Mr. Minkin demanding, in addition to the agreed amount, inclusion of four completely new terms—unrelated to Plaintiffs' claims against LCS—intended to prevent LCS from any further attempts to collect on the second note and (despite the fact that LCS does not own the debt) from "transferring or selling" the note. Essentially, Plaintiffs demanded, in addition to the cash payment, ***forgiveness of the debt on the second note, exceeding $235,000, despite the fact that LCS does not own and has no ability to forgive the debt*** (as Plaintiffs are necessarily aware given their claims against LCS *as a debt collector*). See Exhibit "A". On January 13, 2012, LCS rejected that demand without a counteroffer, ***conclusively ending the negotiations***. See Minkin Decl. It should be noted that all of this occurred prior to the final pretrial conference, and prior to the hearing on LCS's Second Motion for Summary Judgment, filed October 28, 2011 ("Summary Judgment Motion").

For all the reasons stated in the Findings and Recommendation to Dismiss Action, entered by Magistrate Judge Chang on January 30, 2012, and this Court's Order entered on February 3, 2012, LCS concurs that dismissal of the action with prejudice is warranted here.

262394.1                                              3

In the event, however, that the Court declines to dismiss the action with prejudice in its entirety, LCS requests that the Court nonetheless grant LCS's Summary Judgment Motion. As provided in LR 7.4, Plaintiffs were required to file and serve any opposition to the Summary Judgment Motion no later than January 9, 2012, before Melvin Amina's bankruptcy filing on which Plaintiffs rely. Plaintiffs did not file an opposition, and they therefore conceded all matters as set out in the motion and the memorandum supporting it.[1] Moreover, as Plaintiffs also failed to file a separate concise statement controverting the facts as set forth in LCS's Separate Concise Statement of Facts supporting the motion, also filed October 28, 2011, all the facts asserted therein were deemed admitted pursuant to LR 56.1(g). And, again, Plaintiffs failed to appear for the hearing on January 30, 2012, and failed even to contact the Court in advance to provide notice of their nonappearance. In sum, even before the bankruptcy filing on which they rely, Plaintiffs had waived their opportunity to oppose the arguments and contest the facts set out in support of the Summary Judgment Motion. The motion should

---

[1] As described in detail in the Memorandum in Support of LCS's Summary Judgment Motion, Plaintiffs also failed completely to respond to LCS's requests for production of documents and for answers to interrogatories, and their responses to requests for admissions were untimely.

therefore be granted in its entirety, even if the case is not dismissed pursuant to Judge Chang's recommendation.

DATED: Honolulu, Hawaiʻi, February 6, 2012.

/s/ David J. Minkin
DAVID J. MINKIN
BECKY T. CHESTNUT

Attorneys for Defendant
LCS FINANCIAL SERVICES CORPORATION