IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife,<br><br>                Plaintiffs,<br><br>  vs.<br><br>WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE,<br><br>                Defendants. | CIVIL NO. CV 10-00165 JMS KSC<br><br>DECLARATION OF DAVID J. MINKIN |

## DECLARATION OF DAVID J. MINKIN

      I, DAVID J. MINKIN, do declare under penalty of law that the following is true and correct:

      1.    I am an attorney licensed to practice law in all courts of the State of Hawaiʻi and in the United States District Court for the District of Hawaiʻi.

262394.1

2. I am an attorney with the law firm of McCorriston Miller Mukai MacKinnon LLP, attorneys for Defendant LCS Financial Services Corporation ("LCS").

3. Unless otherwise stated, I have personal knowledge of all the facts stated herein and know them to be true and correct, and I am competent to testify on the matters stated herein.

4. Attached hereto as Exhibit "A" is a true and correct copy of a letter from Plaintiffs Donna Mae Amina and Melvin Keakaku Amina to me dated January 6, 2012.

5. Plaintiffs and LCS engaged in settlement discussions with Magistrate Judge Chang on November 8, 2011 and November 28, 2011. At the conclusion of those discussions, Plaintiffs orally agreed to dismiss all claims against LCS for the maximum statutory damages for a Fair Debt Collections Practices Act claim.

6. I prepared a settlement agreement setting out the agreed-to terms and delivered it to Plaintiffs on December 2, 2011.

7. Plaintiffs did not execute and return the agreement but, over a month later, on Friday, January 6, 2012, Plaintiffs sent to me their letter (Exhibit "A") demanding, in addition to the agreed amount, inclusion of four completely new terms.

8. My understanding of these new terms is that Plaintiffs intended them to prevent LCS from any further attempts to collect on the second note and (despite the fact that LCS does not own the debt) from "transferring or selling" the note. Essentially, in addition to the cash payment, Plaintiffs demanded forgiveness of the debt on the second note, exceeding $235,000, despite the fact that LCS does not own and has no ability to forgive the debt, as Plaintiffs have conceded through their claims against LCS as a debt collector.

9. On January 13, 2012, after conferring with my client, I sent a letter to the Plaintiffs rejecting their new demand without a counteroffer. I considered the negotiations toward settlement to be conclusively terminated and I have not been in contact with Plaintiffs regarding any settlement since.

I declare under penalty of law that the following is true and correct.

Executed at Honolulu, Hawai'i, this 6th day of February, 2012.

/s/ David J. Minkin
DAVID J. MINKIN