AYABE, CHONG, NISHIMOTO,
 SIA & NAKAMURA, A Limited
 Liability Law Partnership

| | |
|---|---|
| JEFFREY H. K. SIA | 3029-0 |
| DIANE W. WONG | 2333-0 |
| DAVID A. GRUEBNER | 5799-0 |

1003 Bishop Street, Suite 2500
Honolulu, Hawaii  96813
Telephone No.:  (808) 537-6119
jeffrey.sia@hawadvocate.com
diane.wong@hawadvocate.com
david.gruebner@hawadvocate.com

Attorneys for Defendants
MERSCORP, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., CHASE HOME
FINANCE, LLC, and CHASE HOME
FINANCE, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and wife, | CIVIL NO. CV 10-00165 JMS/KSC |
| Plaintiffs, | DEFENDANTS MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE LLC, AND CHASE HOME FINANCE, INC.'S RESPONSE TO [159] PLAINTIFFS' OBJECTION TO [152] FINDINGS AND RECOMMENDATION TO DISMISS ACTION;  [cont'd on next page] |
| vs. | |
| WMC MORTGAGE, LLC, Successor in Interest to WMC Mortgage Corp.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME | Hearing:<br>Date:   2/9/12<br>Time:   11:00 a.m.<br>Judge:  J. Michael Seabright |

| | |
|---|---|
| FINANCE LLC; CHASE HOME FINANCE, INC.; and UNKNOWN OWNERS OF THE EVIDENCE OF DEBT and/or OWNERS OF THE NOTE,<br><br>　　　　　　　　　Defendants.<br>_____ | ) DECLARATION OF DAVID A.<br>) GRUEBNER; CERTIFICATE OF<br>) SERVICE<br>)<br>)<br>) Trial:  2/28/12<br>)<br>)<br>) |

[2010141JHKS/#531705]

DEFENDANTS MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE LLC, AND CHASE HOME FINANCE, INC.'S RESPONSE TO [159] PLAINTIFFS' OBJECTION TO [152] FINDINGS AND RECOMMENDATION TO DISMISS ACTION

**I.    INTRODUCTION**

Defendants MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., CHASE HOME FINANCE LLC, and CHASE HOME FINANCE, INC. (collectively, "Chase/MERS"), pursuant to Local Rule 74.2 of the Local Rules of Practice for the U.S. District Court for the District of Hawaii ("Local Rules"), respectfully submits this written response to [159] Plaintiffs' Objection to [152] Findings and Recommendation to Dismiss Action Filed on 2/3/12.

Chase/MERS wholeheartedly support the recommendation to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure ("FRCP") for Plaintiffs MELVIN KEAKAKU AMINA and DONNA MAE AMINA's (collectively, "Plaintiffs") failure to comply with Court orders and to

2

prosecute this action. In addition to the findings noted and made by Magistrate Judge Chang and the points made by this Court in the [160] Order Setting Hearing on Plaintiffs' Objection to Magistrate Judge Kevin S.C. Chang's Findings and Recommendation to Dismiss Action Filed on 2/3/12, Chase/MERS further note that there are other examples of Plaintiffs' failure to comply with Court Orders/deadlines and to prosecute this action. For the reasons already cited by the Magistrate Judge and this Court, and for the additional reasons set forth herein, Chase/MERS submit that this action should be dismissed with prejudice.

## II.  DISCUSSION AND ARGUMENT

### A.  Relevant Dates and Deadlines and Plaintiffs' Inaction.

On 10/27/11, Chase/MERS filed a [118] Motion for Summary Judgment. On the following day, 10/28/11, Defendant LCS Financial Services Corporation ("LCS") filed its [121] Motion For Summary Judgment. Both Motions were set for hearing on 1/30/12 at 9:00 a.m. *See* [120] and [123] Notices of Hearing. Plaintiffs' deadline to file memoranda in opposition to the two Motions was 1/9/12. *See* [120] Notice of Hearing. Plaintiffs, however, did not file memoranda in opposition or any other responses whatsoever.

A Final Pretrial Conference in this action was scheduled for 1/17/11 at 9:00 a.m. before Magistrate Judge Chang. *See* [95] Amended Rule 16 Scheduling Order. The parties were to file and serve a Final Pretrial Statement by 1/10/12. ***Id.***

3

Both Chase/MERS and LCS timely filed their respective Pretrial Statements on 1/10/12. *See* [139] Chase/MERS' Final Pretrial Statement and [140] LCS' Pretrial Statement. Plaintiffs did not file their Final Pretrial Statement.

On 1/12/12, Plaintiff Melvin Amina ("Mr. Amina") filed a voluntary bankruptcy petition under Chapter 13 in Bankruptcy Court. *See* [145-1] Notice of Bankruptcy Case Filing Fled on 1/12/12 in Case No. 12-00079, United States Bankruptcy Court, District of Hawaii. On 1/13/12, Plaintiffs filed a "Judicial Notice" in the case at bar, giving notice of the voluntary bankruptcy petition filed on 1/12/12. *See* [145] Judicial Notice. Attached to the Judicial Notice was a Notice of Bankruptcy Case Filing Fled on 1/12/12, which identified the "debtor" only as Mr. Amina. *See* [145-1] Notice of Bankruptcy Case Filing Fled on 1/12/12 in Case No. 12-00079, U.S. Bankruptcy Court, District of Hawaii.

Plaintiffs failed to file the requisite Final Pretrial Statement (and still have not done so) and to appear at the Final Pretrial Conference on 1/17/12. *See* [146] Minutes Filed on 1/17/12; *see also* [148] Order to Show Cause Filed on 1/19/12. The Final Pretrial Conference was continued to 1/25/12 at 9:15 a.m. *See* [146] Minutes Filed on 1/17/12. Notice was mailed to Plaintiffs. *Id.*

On 1/19/12, Magistrate Judge Chang issued an Order to Show Cause that was directed towards Plaintiffs and noted Plaintiffs failure to appear at the 1/17/12 Final Pretrial Conference and to file a Final Pretrial Conference Statement

4

as required by Rule 16.6 of the Local Rules. *See* [148] Order to Show Cause Filed on 1/19/12. Plaintiffs did not appear at the hearing relating to the Order to Show Cause and attend the Final Pretrial Conference held on 1/25/12. *See* [149] Minutes Filed on 1/25/12. Plaintiffs did not communicate with the Court or file any response/objection relating to the Order to Show Cause. *Id.* On 1/25/12, an Order Regarding Order to Show Cause was filed by the Court and mailed a copy to Plaintiffs. *See* [150] Order Regarding Order to Show Cause Filed on 1/25/12 and Court's Certificate of Service entered on 1/25/12.

The Hearing on Chase/MERS' and LCS' Motions proceeded as scheduled on 1/30/12, but Plaintiffs did not appear or otherwise file or submit anything in writing to the Court with respect to the Motions. *See* [151] Minutes filed on 1/30/12; *see also* [152] Findings and Recommendation to Dismiss Action Filed on 1/30/12. Magistrate Judge Chang then filed his [152] Findings and Recommendation to Dismiss Action that day.

Back on 11/28/11, Plaintiffs filed a new Complaint against The Bank of New York Mellon, fka The Bank of New York ("BNY"). *See* [1] Complaint Filed on 11/28/11 in Civil No. 11-00714 JMS-BMK in the U.S. District Court, District of Hawaii. The Complaint set forth claims relating to the same mortgage loans that are the subject of the case at bar. *Id.* The Complaint was filed after Plaintiffs' attempt to add BNY as a new defendant in the case at bar failed. *See*

5

[133] Order Denying Plaintiffs' Verified Motion to Substitute Party [115] Filed on September 27, 2011. Not to be thwarted by the Court's Order denying Plaintiffs' attempt to add BNY as a new defendant in the case at bar, Plaintiffs, after filing the new action against BNY, filed a Motion to Consolidate the new action with the case at bar on 1/12/12, about 1½ months after the non-dispositive motions filing deadline. *See* [142] Plaintiffs' Motion to Consolidate [FRCP 42] Filed on 1/12/12; *see also* [95] Amended Rule 16 Scheduling Order. Magistrate Judge Chang denied Plaintiffs' Motion, noting, *inter alia*, that deadline for filing non-dispositive motions and the absence of relief sought (and granted) from that deadline. *See* [144] Docket Entry Denying Plaintiffs' Motion to Consolidate.

### B. **Plaintiffs Non-Opposition to Motions and Non-Appearances as Required.**

Plaintiffs have not complied with Court orders and deadlines, and have not been prosecuting their action. **Plaintiffs *failed* to do the following**:

- Timely file memoranda in opposition or any type of written response to both Chase/MERS' and LCS' Motions for Summary Judgment.

- Appear at the 1/30/12 Hearing on the aforementioned Motions for Summary Judgment.

- File a Final Pretrial Statement by the 1/10/12 deadline.

- Appear at the Final Pretrial Conference on 1/17/12.

- File or submit any written response to the Order to Show Cause

    and did not otherwise communicate with the Court or the Defendants with respect to the Order to Show Cause.

- Appear at the Hearing for the Order to Show Cause held on 1/25/10.

- File any Final Pretrial Statement before the 1/25/10 Pretrial Conference (continued from 1/17/12).

- Appear at the continued Final Pretrial Conference held on 1/25/10.

In addition, Plaintiffs filed a Motion to Consolidate about 1½ months after the deadline for filing non-dispositive motions expired. That Motion clearly was done in response to the denial of their Motion that sought to add BNY as a new party-defendant in the case at bar and obviously was a tactic to get around the denial of the Motion that sought to add BNY as a new party-defendant in the case at bar. As noted by the Magistrate Judge, Plaintiffs' Motion to consolidate (if granted) would have had the effect of further delaying prosecution of the case at bar because consolidation at such a late date (relative to the 2/28/12 trial date in the case at bar) would "disrupt the Court's calendar…" given the relatively recent filing of the new action on 11/28/11. *See* [144] Docket Entry Denying Plaintiffs' Motion to Consolidate.

    **C.**    **No Automatic Stay**

    Plaintiffs' misplaced reliance on the automatic stay reminds one of the adage that "a little knowledge is a dangerous thing." *See* **Kelley v. United States**, 1998 U.S. Dist. LEXIS 12888 (W.D. La., 7/28/98) (action dismissed; *pro se*

plaintiff's attachment, "while amply demonstrating the dangers of taking words out of context and of making broad leaps in thought without logical connection, along with the concept that a little knowledge is a dangerous thing is wholly irrelevant" to the question at issue). Contrary to Plaintiffs' contention, the automatic stay pertaining to claims against debtors who filed bankruptcy petitions does not apply here because the debtor in bankruptcy, Mr. Amina, is a **plaintiff** in this case.[1]

The automatic stay provision of the Bankruptcy Code applies to actions "brought **against** the debtor." *See* 11 U.S.C. § 362(a). The automatic stay provisions do not apply to lawsuits brought **by** the debtor. *See e.g.*, ***Irigoyen v. Am. Brokers Conduit***, 2011 U.S. Dist. LEXIS 143875 (E.D.Cal., 12/14/11). A Chapter 13 debtor retains standing to pursue legal claims on behalf of the bankruptcy estate. *See e.g.*, ***Crosby v. Monroe County***, 394 F.3d 1328, 1331, n.2 (11th Cir., 2004) (automatic stay not applicable to lawsuits initiated by the debtor). A debtor may not use the automatic stay as a sword when the debtor is the plaintiff in a pending non-bankruptcy suit. *See e.g.*, ***In re Jandous Electric Construction Corp.***, 106 Bankr. 48, 50 (Bankr. S.D.N.Y., 1989) (automatic stay inapplicable because the debtor was the plaintiff in the pending non-bankruptcy litigation); ***Assasepa v.***

---

[1] It also is noted that Mr. Amina is the only debtor identified in his bankruptcy petition filing. Mrs. Amina is not identified or listed as a co-debtor in bankruptcy. So, even if Plaintiffs' "automatic stay" position was true, such a stay only would apply to Mr. Amina. However, as noted herein (and by the Court), the automatic stay feature of bankruptcy law does not pertain to cases in which the debtor is the plaintiff; it only pertains to claims *against* the debtor.

*JPMorgan Chase Bank,* 2012 U.S. Dist. LEXIS 3491 (S.D.Ohio, 1/11/12) (automatic stay inapplicable to litigation filed by plaintiff-debtor); *Martin-Trigona v. Champion Federal Sav. & Loan Asso.*, 892 F.2d 575, 577 (7th Cir., 1989) (automatic stay inapplicable to suits by the debtor); *Brown v. Armstrong*, 949 F.2d 1007 (8th Cir., 1991) (automatic stay inapplicable to judicial proceedings initiated by the debtor); *Gerth v. Am. Mortg. Express Fin.*, 2011 U.S. Dist. LEXIS 27930 (S.D.Cal., 3/18/2011) (automatic stay inapplicable to offensive actions brought by a debtor); *In re Intercorp Int'l, Ltd.,* 309 B.R. 686 (Bankr. S.D.N.Y., 2004) (automatic stay inapplicable to debtor in state court action).

The automatic stay does not apply to the present lawsuit. Mr. Amina's bankruptcy filing did not relieve *Plaintiffs* of the obligation to comply with court rules and deadlines in this case. Mr. Amina retained standing to pursue legal claims. Moreover, Mr. Amina filed the bankruptcy petition; Mrs. Amina did not file for bankruptcy, so there was nothing preventing her from prosecuting her claim even under their erroneous belief/position. Plaintiffs are obligated to follow this Court's deadlines, orders, and attend mandatory conferences.

Even if Plaintiffs' position about the automatic stay was true, Plaintiffs' opposition or response to Chase/MERS' and LCS' Motions for Summary Judgment and their Final Pretrial Statement were due *before* Mr. Amina filed the bankruptcy petition on 1/12/12. *See* [95] Amended Rule 16 Scheduling

9

Order; [120] and [123] Notices of Hearing. No automatic stay prevented Plaintiffs from complying with those requirements.

    **D.    Dismissal With Prejudice Is Warranted.**

The Court has inherent power to control its docket by dismissing a complaint with prejudice. *See e.g.*, ***Destfino v. Reiswig***, 630 F.3d 952, 959 (9th Cir., 2011). Rule 16(f) FRCP authorizes the Court to impose sanctions for failure to appear at a pretrial conference (Rule 16 (f)(1)(A)), or if a party fails to obey a scheduling or other pretrial order (Rule 16(f)(C)). The Ninth Circuit Court of Appeals has instructed that in determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to defendants/respondents; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *See e.g.*, ***Pagtalunan v. Galaza***, 291 F.3d 639, 642 (9th Cir., 2002) (affirming dismissal with prejudice); ***Al-Torki v. Kaempen***, 78 F.3d 1381 (9th Cir., 1996) (affirming dismissal with prejudice).

Four of the Ninth Circuit's five factors[2] are present in the case at bar: 1) Plaintiffs' failure to comply with Court orders (including deadlines); 2)

---

[2] *See **Pagtalunan v. Galaza**, supra.* at 642.

Plaintiffs' failure to respond to Chase/MERS' and LCS' Motions for Summary Judgment; and 3) Plaintiffs' failure to appear at Court conferences and hearings. These failures have interfered with the Court's management of its docket and prejudiced Chase/MERS and LCS by hindering their ability to adjudicate their defenses and/or prepare for the 2/28/12 trial. Dismissal with prejudice is appropriate given the history of this case, Plaintiffs' familiarity and experience with responding to dispositive motions, and Plaintiffs' non-compliance with court rules and orders before and after Mr. Amina's bankruptcy filing. *See e.g.*, **Thurlow v. Countrywide Fin. Corp.**, 2009 U.S. Dist. LEXIS 83516 (D.Colo., 8/24/09) (no sanction less than dismissal with prejudice would be effective; based on *pro se* plaintiffs' "lack of a response to defendants' motion to dismiss, the Court doubts that a monetary sanction would be practical or effective"); **Dutro v. CCA - Crowley County Corr. Facility**, 2011 U.S. Dist. LEXIS 24824 (D.Colo., 2/7/11) (no sanction less than dismissal with prejudice would be effective; *pro se* plaintiff failed to contact the court); **Rickman v. Akash Hotels Int'ls**, 2010 U.S. Dist. LEXIS 102774 (N.D.Tex., 8/30/10) (recommending dismissal with prejudice; no lesser sanction would "substantially achieve the desired deterrent effect;" *pro se* plaintiff continued to defy court's orders, including order to appear to explain why she could not comply with the orders); **Hurtt v. Nat'l Action Fin. Servs.**, 2010 U.S. Dist. LEXIS 88234 (D.Colo., 8/2/10) (based on *pro se* plaintiff's lack of

response to order to show cause, no sanction less than dismissal with prejudice would be effective).

The Ninth Circuit's fifth factor (*i.e.*, the public policy favoring disposition of cases on their merits) is overwhelmingly outweighed by the other four factors. Thus, the Court should impose the sanction of dismissal with prejudice.

### E. Other Points

Plaintiffs questioned the constitutionality of Rule 41(b) FRCP, but the three cases they cited do not support their contention. The cited cases did not involve constitutional challenges to the Rule, and the courts affirmed Rule 41(b) dismissals for failure to prosecute. Plaintiffs' gave incomplete quotations from those cases that were taken out of context. There is "no precise rule" or "no exact rule" because a court must examine the particular procedural history *in each case*: **SEC v. Power Resources Corp.**, 495 F.2d 297, 298 (10th Cir., 1974) ("There is no precise rule as to what circumstances justify a dismissal for failure to prosecute. Instead, the procedural history of each case must be examined to make such a determination."); **Marshall v. Sielaff**, 492 F.2d 917, 919 (3d Cir., 1974) ("No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute, but the procedural history of each case must be examined in order to make that determination."); **Sandee Mfg. Co. v. Rohm & Haas Co.**, 298

F.2d 41, 43 (7th Cir., 1962) (No exact rule can be laid down as to when a court is justified in dismissing a case for failure to prosecute. "Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal."). Plaintiffs' failure to comply with court rules, orders, and deadlines compel a dismissal with prejudice.

Plaintiffs' Final Pretrial Statement was due on 1/10/12, and they failed to file one. The Court mailed a copy of the Amended Rule 16 Scheduling Order to Plaintiffs. *See* [95], Court's Certificate of Service. Plaintiffs' opposition to Chase/MERS' and LCS' Motions for Summary Judgment were due on 1/9/12, per the [120] Notice of Hearing Filed on 10/27/11. The Court mailed a copy of that Notice to Plaintiffs. *See* [120] Notice of Hearing, Court's Certificate of Service. Although these filings were due from Plaintiffs **before** Mr. Amina filed for bankruptcy on 1/12/12, Plaintiffs did not file these things.

With respect to the motions practice in the this case, Plaintiffs filed oppositions and motions to enlarge their time to file oppositions to substantive motions in the past, so there is familiarity with the process and deadlines for filing opposition memoranda. *See e.g.*, [70] Plaintiffs' Memorandum in Opposition to LSC's [57] Motion for Summary Judgment Filed on 2/24/11; [75] Plaintiffs' Motion to File Amended Opposition to LSC's [57] motion for summary judgment filed on 3/21/11; [72] Plaintiffs' Motion for Extension to Respond to WMC and

GE's [64] Motion for Judgment on the Pleadings Filed on 2/24/11; [82] Plaintiffs' Rule 56D Declaration filed on 4/19/11; [100] Plaintiffs' Motion for Extension to File an Opposition[3] filed on 7/18/11. Despite Plaintiffs' prior familiarity and experience in responding to dispositive motions and/or seeking extensions to respond, Plaintiffs did not file any opposition to or request enlargement of time to file any opposition to Chase/MERS' or LCS' Motions for Summary Judgment.

Plaintiffs' failures here justify dismissal with prejudice. *See e.g.*, **Fisherman v. Bernstein**, 2012 U.S. Dist. LEXIS 8406 (D. Minn., 1/4/12) (recommending that defendants' summary judgment motion be granted; *pro se* plaintiff did not communicate with the court, did not respond to motion, failed to abide by the pretrial scheduling order and order to show cause), *and* 2012 U.S. Dist. LEXIS 8407 (D. Minn., 1/25/12) (order granting defendant's motion for summary judgment and dismissing plaintiff's complaint with prejudice); **Abston v. Lock**, 2006 U.S. Dist. LEXIS 81942 (E.D.Ark., 10/12/06) (recommended dismissal of entire case with prejudice due to failure to prosecute; *pro se* plaintiff failed to respond to prior motions for summary judgment and to dismiss).

Plaintiffs asserted their belief that the proceedings were stayed by Mr. Amina's bankruptcy filing. Plaintiffs' erroneous belief that they were not required

---

[3] Pertaining to [92] WMC and GE's Motion to Dismiss filed on 6/15/11. Although an extension was granted, Plaintiffs failed to file any opposition to [92] WMC and GE's motion to dismiss. *See* [86] 8/26/11 Order granting [92] WMC and GE's Motion To Dismiss.

to respond, appear, or otherwise do anything in the present case because of Mr. Amina's bankruptcy filing did not excuse their failures and non-compliance.

Ignorance of the law and inadvertent non-compliance, including missed deadlines and defective pleadings, are inexcusable even when the plaintiff is proceeding *pro se*. *See e.g.*, **Modica v. Alford**, 2011 U.S. Dist. LEXIS 52812 (E.D.Tex., 3/25/11) (recommending dismissal of plaintiff's claims with prejudice for failure to prosecute); **Jacobsen v. Filler**, 790 F.2d 1362, 1365 (9th Cir., 1986) ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket."); **Riddle v. Chase Home Fin.**, 2010 U.S. Dist. LEXIS 91247 (E.D.Mich., 9/2/10) (dismissing amended complaint with prejudice; even for *pro se* litigants, ignorance of the law is no excuse); **Morrar v. Timmerman-Cooper**, 2011 U.S. Dist. LEXIS 145229 (S.D.Ohio, 12/16/11) (dismissing action; a party's *pro se* status or claimed ignorance of the law or procedural requirements were insufficient to excuse a procedural default).

Finally, Plaintiffs' contentions regarding Chase/MERS' responses to their discovery requests do not offer an excuse of their non-compliance with the court rules and orders/deadlines. Plaintiffs have an independent obligation to

15

comply regardless of the state of discovery and nevertheless, Chase/MERS timely responded to Plaintiffs' discovery requests. Plaintiffs gave Chase/MERS an extension to 1/30/12, within which to serve their responses to Plaintiffs' discovery requests, and the responses were served timely. *See* Declaration of David A. Gruebner, attached hereto and [153]-[158], Chase/MERS' Certificates of Service filed on 1/30/12.

### III. CONCLUSION

In addition to the instances of non-compliance described in the [152] Findings and Recommendation to Dismiss Action, Plaintiffs did not respond to Chase/MERS' Motion for Summary Judgment and did not appear at the 1/30/12 Hearing for that Motion. Chase/MERS respectfully request that all of Plaintiffs' remaining claims be dismissed with prejudice.

DATED:  Honolulu, Hawaii, February 6, 2012.

    /s/Jeffrey H. K. Sia
JEFFREY H. K. SIA
DIANE W. WONG
DAVID A. GRUEBNER
Attorneys for Defendants
MERSCORP, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC., CHASE HOME
FINANCE, LLC, and CHASE HOME
FINANCE, INC.