IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| MELVIN KEAKAKU AMINA and DONNA MAE AMINA, Husband and Wife, | ) ) ) | CIVIL NO. 10-00165 JMS/KSC |
|---|---|---|
| Plaintiffs, | ) ) ) ) ) | ORDER ADOPTING MAGISTRATE JUDGE KEVIN S.C. CHANG'S FINDINGS AND RECOMMENDATION TO DISMISS ACTION |
| vs. | ) ) | |
| WMC MORTGAGE CORP.; GENERAL ELECTRIC COMPANY; MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; CHASE HOME FINANCE LLC; CHASE HOME FINANCE, INC.; LCS FINANCIAL SERVICES CORPORATION; UNKNOWN OWNERS OF THE EVIDENCE OF THE DEBT and/or OWNERS OF THE NOTE, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER ADOPTING MAGISTRATE JUDGE KEVIN S.C. CHANG'S FINDINGS AND RECOMMENDATION TO DISMISS ACTION**

**I. INTRODUCTION**

On January 30, 2012, Magistrate Judge Kevin S.C. Chang entered his Findings and Recommendation to Dismiss Action (the "January 30 F&R"). The January 30 F&R made this recommendation after pro se Plaintiffs Melvin Keakaku Amina and Donna Mae Amina ("Plaintiffs") failed to: (1) file any

Oppositions to Defendants' Motions for Summary Judgment, due January 9, 2012, *see* Doc. No. 123 (notifying Plaintiffs of deadlines for summary judgment motions); (2) file a Pretrial Conference Statement, due January 10, 2012; (3) appear at the January 17, 2012 Final Pretrial Conference; (4) appear at the January 25, 2012 hearing on Magistrate Judge Chang's Order to Show Cause; and (5) appear at the January 30, 2012 hearing on Defendants' Motions for Summary Judgment.

Plaintiffs filed an Objection to the January 30 F&R on February 3, 2012, yet failed to appear at the February 23, 2012 hearing on their Objection. Based on the following, the court ADOPTS the January 30 F&R.

## II. **BACKGROUND**

On March 22, 2010, Plaintiffs filed this action alleging claims against Defendants WMC Mortgage LLC ("WMC"), General Electric Company ("GE"), MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS entities"), Chase Home Finance LLC and Chase Home Finance, Inc. ("Chase entities"), and LCS Financial Services Corporation ("LCS") (collectively "Defendants") for violations of federal and state law stemming from a mortgage transaction and subsequent threatened foreclosure of real property located at 2304 Metcalf Street #2, Honolulu, Hawaii 96822.

Plaintiffs initially participated in this action -- Defendants filed two rounds of dispositive motions, and Plaintiffs (after asking for and receiving various extensions of their deadlines) filed Oppositions. Ultimately, the court dismissed Plaintiffs' claims against WMC and GE, leaving claims against Chase entities, MERS entities, and LCS.

During a third round of dispositive motions filed by the remaining Defendants on October 27 and 28, 2011, Plaintiffs stopped meeting necessary deadlines. The court set the hearing on these Motions for January 30, 2012, and issued to Plaintiffs a "Notice to Pro Se Litigants" setting forth that Plaintiffs' Oppositions are due by January 9, 2012. Doc. No. 123. Plaintiffs failed to file an Opposition, and thereafter failed to file a Pretrial Conference Statement by the January 10, 2012 deadline. On January 12, 2012, Plaintiffs did, however, file a Motion to Consolidate this action with another action they filed in this court,[1] and Melvin Amina filed for Chapter 13 bankruptcy.

After Plaintiffs failed to appear at the Final Pretrial Conference on January 17, 2012, Magistrate Judge Chang issued an Order to Show Cause ("OSC") why this case should not be dismissed for failure to prosecute. Plaintiffs

---

[1] On January 17, 2012, Magistrate Judge Chang denied Plaintiffs' Motion to Consolidate, explaining that the deadline for filing non-dispositive motions had already expired and in any event, trial was scheduled to begin on February 28, 2012 such that consolidation would disrupt the court's calendar and not promote judicial economy. See Doc. No. 144.

3

did not appear at the January 25, 2012 hearing on the OSC, and also failed to appear at the January 30, 2012 hearing on the pending Motions for Summary Judgment. As a result, Magistrate Judge Chang issued his January 30 F&R to dismiss this action for failure to prosecute.

On February 3, 2012, Plaintiffs filed an Objection to the January 30 F&R. That same day, the court set the hearing on Plaintiffs' Objection to the January 30 F&R for February 9, 2012, and Defendants filed Responses on February 6, 2012. On February 7, 2012, the court received a facsimile from Plaintiffs that they left the country on February 1, 2012 and would return on February 14, 2012. The court therefore reset the hearing on Plaintiffs' Objection for February 23, 2012, a date which the Courtroom Manager confirmed directly with Donna Mae Amina (via Skyping through Plaintiffs' daughter). Plaintiffs failed to appear at the February 23, 2012 hearing.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 616 (9th Cir. 1989).

## IV. **DISCUSSION**

Federal Rule of Civil Procedure 41(b) allows the court to dismiss an action for failure "to prosecute or to comply with [the federal] rules or a court order," and such dismissal may be with or without prejudice.[2] *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). To determine whether dismissal is warranted, the court must consider: (1) the public's interest in expeditious

---

[2] The Local Rules also authorize the imposition of sanctions, including, if appropriate, dismissal, when a party fails to comply with any of its provisions. *See* Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction.").

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Upon a de novo review, the court agrees with the January 30, 2012 F&R's determination that the five factors weigh in favor of dismissal. Indeed, Plaintiffs' conduct since the January 30 F&R is further evidence that dismissal is appropriate. First, the public's interest in expeditious resolution of litigation strongly favors dismissal -- Plaintiffs' refusal to participate in court proceedings (even after the court rescheduled the hearing on their Objection to meet Plaintiffs' travel plans) prevents a resolution of this action on the merits. Second, Plaintiffs' refusal to participate interferes with the court's ability to manage its docket -- Plaintiffs' actions wasted the court's time in preparing for hearings Plaintiffs never attended, and guaranteed that trial would not proceed as scheduled on February 28, 2012. Third, Plaintiffs' actions have impaired Defendants' ability to proceed to trial -- like the court, Defendants were placed in a position of not knowing when and/or whether trial may proceed. Fourth, given all these circumstances -- including that Plaintiffs missed deadlines and failed to appear for hearings that

would allow this action to be determined on the merits -- the court finds that less drastic alternatives are not possible. Finally, although the public policy favoring disposition of cases on their merits, such consideration does not outweigh the other factors.

Plaintiffs' Objection does not address these five factors for dismissal in any manner, and instead raises a wholly frivolous argument that Melvin Amina's bankruptcy stays this action and voids the January 30 F&R. As the court explained in its Order Setting Hearing on Plaintiffs' Objection to the January 30 F&R, Plaintiffs' argument is baseless because (1) Melvin Amina's bankruptcy automatically stays only those actions that are brought *against* him; (2) Plaintiffs could not honestly believe that Melvin Amina's bankruptcy filing automatically stayed this action given that the United States Bankruptcy Court of the District of Hawaii notified Melvin Amina that an automatic stay is limited to actions *against* the debtor; and (3) Plaintiffs' failure to substantively participate in this action predated the bankruptcy filing.

The court provided Plaintiffs multiple opportunities to get this action back on track and in response, Plaintiffs have ignored their obligations. After Plaintiffs filed an Objection to the January 30 F&R, the court provided Plaintiffs with one more opportunity to appear in court and explain their failure to prosecute

7

this action.  Rather than take advantage of this opportunity, they failed to appear without explanation.  The court therefore ADOPTS the January 30 F&R.

## V.  CONCLUSION

Based on the above, the court ADOPTS  Magistrate Judge Chang's January 30, 2012 Findings and Recommendation to Dismiss Action.  This action is dismissed WITH PREJUDICE.  The Clerk of Court is directed to close the case file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 24, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Amina et al. v. WMC Mortg. Corp. et al.*, Civ. No. 10-00165 JMS/KSC, Order Adopting Magistrate Judge Kevin S.C. Chang's Findings and Recommendation to Dismiss Action